Dated this 25th day of July, 1988.

**Ted SIMON, Plaintiff,**

v.

**DEERY OIL, a Washington corporation, and Kennecott Corporation, a Delaware corporation, Defendants.**

**Civ. No. 87-C-0653A.**

United States District Court,
D. Utah, C.D.

Nov. 16, 1988.

John L. Black, Salt Lake City, Utah, for plaintiff.

James Clegg, Salt Lake City, Utah, for defendants.

ORDER GRANTING DEFENDANT
KENNECOTT CORPORATION'S
MOTION FOR SUMMARY JUDGMENT

ALDON J. ANDERSON, Senior District Judge.

INTRODUCTION

On June 24, 1987, plaintiff Ted Simon filed a complaint for personal injuries arising from a work accident occurring during the construction of evaporation ponds by Deery Oil for defendant Kennecott Corporation. Plaintiff was accidentally burned while filling a portable tank truck with hot asphaltic sealer. Plaintiff's complaint alleges three separate claims against defendant Kennecott: (1) failure to warn; (2) allowing an unsafe operation to be per-

formed with unsafe equipment; and (3) failing to require proper training of personnel working on defendant's property.[1]

Defendant Kennecott has moved for summary judgment on the basis that it is not liable for injuries occurring to employees of independent contractors when it does not actively participate in the construction project. Kennecott asserts that plaintiff worked for Deery Oil, an independent contractor, and that Kennecott had no duty to conduct safety inspections of Deery's equipment, nor to train or warn Deery's employees with respect to such equipment. Plaintiff, on the other hand, argues that summary judgment should not be granted because Kennecott had the right to control, and, in fact, did control Deery's construction of the evaporation ponds.

## FACTUAL BACKGROUND

In April of 1987, Deery Oil and Kennecott entered into a contract wherein Deery agreed to line certain evaporation ponds for the Kennecott corporation. The contract recognized Deery as an independent contractor and called for it to supply the labor, equipment, and materials necessary to construct a rubber and asphalt lining for the evaporation ponds. The contract was a performance contract where Deery was to construct a lining in accordance with its own specifications as long as it would be able to contain copper leachate solution with a minimal amount of leakage. Therefore, Kennecott exercised no control over the construction and design of the ponds.

The construction project required a large amount of unskilled labor to apply the rubber matting and sealant that constituted the liner, and Deery contracted with SOS Temporary Services to supply this labor. The plaintiff was employed by Deery through SOS Temporary Services as a temporary laborer. Deery supervised all the work done by plaintiff and the other laborers.

On May 6, 1987 plaintiff was burned while filling a Deery-owned portable tank truck with hot asphaltic sealer. The nozzle being operated by plaintiff was connected to the tank truck by means of a flexible rubber hose. Plaintiff was injured when a clamp connecting the hose to the nozzle loosened, spraying him with the sealer.

## DISCUSSION

Plaintiff claims that Kennecott is liable for the injuries resulting from the accident because it had the right to control, and, in fact, did control the construction project. Plaintiff asserts that Kennecott's failure to warn plaintiff of the inherent danger of the work and to properly train him on the equipment in question, as well as permitting an unsafe operation to be performed with unsafe equipment on its property, was the cause of plaintiff's injuries. Defendant contends that it is entitled to judgment as a matter of law because principals are not liable for injuries to employees of independent contractors unless they actively participate in the project.

In Utah, it is clear that a company retaining an independent contractor to render services has no duty to warn or train employees of the contractor, nor must the principal protect the contractor's employees from the contractor's own negligence, unless the principal has "actively participated" in the project. *Dayton v. Free,* 46 Utah 277, 148 P. 408 (1914); *United States v. Page,* 350 F.2d 28, 31 (10th Cir.1965); *Sewell v. Phillips Petroleum Co.,* 606 F.2d 274 (10th Cir.1979) *cert. den.* 444 U.S. 1080, 100 S.Ct. 1031, 62 L.Ed.2d 763 (1980).

In *Dayton v. Free,* the Utah Supreme Court adopted the common law rule that principals are not liable to third parties for work done by independent contractors where there is no evidence "to show that the company in fact directed, controlled, or superintended the prosecution of the work, or hired or discharged employees, or direct-

---

1. The original complaint contained a cause of action against Deery Oil for negligence in maintaining the equipment and failure to properly train the plaintiff. Deery moved for summary judgment on the grounds that it was the statu-tory employer of the plaintiff under the Utah Worker's Compensation Act, entitling it to judgment as a matter of law. Plaintiff did not oppose Deery's motion, and it was subsequently granted by this court.

ed, controlled, or superintended them in or about the work...." 148 P. at 411. *See also Dowsett v. Dowsett,* 116 Utah 12, 207 P.2d 809, 811 (1949).

The rule of *Dayton* has also been used by federal courts applying Utah law. In the case of *Sewell v. Phillips Petroleum Co.,* 606 F.2d 274, the plaintiff was employed by a contractor to install underground gasoline tanks for Phillips Petroleum Company. Plaintiff was injured while working in an excavated hole. The Court of Appeals vacated a plaintiff's jury verdict and affirmed a judgment for defendant on the grounds that the jury was not instructed concerning the "active participation" requirement needed to impose liability on principals under Utah law:

> Plaintiff's principal theory at trial was that defendant "retained and exercised control" over the contractor's work and was therefore liable for plaintiff's injuries. The relevant jury instruction failed to explain the necessity for "active participation" by the defendant as required by Utah law. ... The record clearly shows a lack of evidence supporting the "retained control" theory.... Appellants contention has no merit because the record provides the evidence necessary for determining that defendant was not liable as a matter of law.

*Id.* at 275–76.

This is not to say that a principal can never be liable for injuries sustained by an employee of an independent contractor. The three recognized exceptions to this rule in Utah are: (1) where the injury was the direct result of the stipulated work; (2) where the work was intrinsically dangerous, and the injury was the consequence of the failure of the contractor to take appropriate precautions; and (3) where the injury was caused by the non-performance of a absolute (non-delegable) duty owed by the principal to the plaintiff, individually or to the class of person to which he belongs. *Dayton v. Free,* 148 P. at 411 (citing 1 Labatt's Mast. & Serv. § 41). These exceptions, in one form or another, are recognized in most jurisdictions. *See e.g. Wilson v. Good Humor Corp.,* 757 F.2d 1293, 1303

(D.C.Cir.1985) (exception to general rule that employers are not vicariously liable for torts of their independent contractors exists when employer engaged independent contractor to perform inherently dangerous work); *Vagle v. Pickands Mather & Co.,* 611 F.2d 1212, 1217 (8th Cir.1979) *cert. den.* 444 U.S. 1033, 100 S.Ct. 704, 62 L.Ed.2d 669 (1980) (Under "nondelegable duties" exception to general rule that employers are not vicariously liable for torts of their independent contractors, a principal may be liable if the work to be performed is likely to create a peculiar unreasonable risk of physical harm of if a special danger is inherent or normal to the work).

■ In the instant case, plaintiff argues that the fact Kennecott required a list of general safety rules to be incorporated into the contract shows that Kennecott retained tight control and, presumably, actively participated in the construction project. This requirement, however, does not rise to the level of active participation by Kennecott. Deery clearly had the right to construct the ponds as it saw fit, the only requirement being that the ponds retain the copper solution with minimal leakage. Deery supplied all the labor, equipment and materials for the project. In addition, Deery supervised and trained all of the temporary laborers. With this in mind, it cannot be seriously contended that Kennecott actively participated in the construction of the ponds.

Moreover, there is no indication that plaintiff falls within any of the exceptions to the general rule of non-liability. First, plaintiff was injured as a result of the manner the work was to be performed, by transferring asphaltic sealant from the truck to the ponds. Thus, the injury was not caused from the act of performance, but from the manner of performance, over which Deery had control.

■ Second, transferring sealant from a truck is not an ultrahazardous or intrinsically dangerous activity. If the transfer is done in the proper manner with proper equipment, then the workers are in no danger of being injured.

Third, the injury was not caused by the non-performance of a duty that Kennecott

owed the plaintiff. Plaintiff has made no showing that Kennecott failed to perform a duty that it owed to the plaintiff. In fact, the contract specifically places on Deery all responsibility for the supervision and construction of the ponds.

In sum, plaintiff does not fit within any of the recognized exceptions to the general rule that principals are not liable for injuries to the employees of independent contractors.

## CONCLUSION

Utah law provides that companies are not liable for injuries to employees of independent contractors unless the company actively participates or controls the project to be done by the independent contractor. It has been clearly shown that Kennecott retained no control over the project to construct the evaporation ponds. Moreover, plaintiff does not fit within any of the recognized exceptions to this general rule of non-liability. Therefore, this court holds that defendant Kennecott corporation is not liable as a matter of law and grants summary judgment in its favor.