# MESSENGER *v.* ANDERSON.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 150. Argued January 19, 22, 1912.—Decided June 2, 1912.

Where the Circuit Court of Appeals has before it in the second trial of the same case, a will previously construed by it, and meanwhile the highest court of the State in which the real estate affected is situated has construed the will differently, the Circuit Court of Appeals is not bound to adhere to its previous decision as being the law of the case. It may follow, and in such a case it should lean toward an agreement with, the state court.

In the absence of statute, the phrase "law of the case," as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts gen-

erally to refuse to open what has been decided—not a limit to their power.

In a conflict between decisions of the state and Federal courts, this court is free when the case comes here.

In this case, in which the Circuit Court of Appeals construed a will as giving testator's son a life interest only with remainder that he could not affect, and the state court construed it as giving him the estate subject to the divesting clause, *held,* that the construction given by the state court was right and that the Circuit Court of Appeals should have followed it.

*Quære* whether the decision of the state court did not finally adjudicate the question of title as between the parties so as to be binding upon every court before which the title might subsequently be discussed.

171 Fed. Rep. 785, reversed.

THE facts, which involve the construction of a will affecting real estate in Ohio, and the question of whether the Federal courts should follow the state court in such a case, are stated in the opinion.

*Mr. Harry E. King* and *Mr. Clayton M. Everett,* with whom *Mr. Oliver B. Snider* was on the brief, for petitioner:

The first and second judgments of the Circuit Court of Appeals each reversed the preceding judgment of the Circuit Court, and remanded the case generally, without other direction, and therefore, until the last judgment of the Circuit Court, no final judgment was rendered. *Aurora City* v. *West,* 7 Wall. 82; *Smith* v. *Adams,* 130 U. S. 167.

Respondent acquired no title under the will of his grandfather. Thereby testator intended to give his sons, or the survivor of them, an estate in fee simple, subject to defeasance should they or the survivor of them die without issue. *Anderson* v. *United Realty Co.,* 79 Ohio St. 23; § 5970, R. S. O. (10580, Gen'l Code); *Carter* v. *Gray,* 58 N. J. Eq. 411; *Chamberlain* v. *Owings,* 30 Maryland, 447; *Piatt* v. *Sinton,* 37 Ohio St. 353; *Lambert* v. *Paine,* 3 Cranch, 97.

The decision of the Circuit Court of Appeals that under the will respondent took an estate in remainder upon the decease of his father, is contrary to long settled rule of property in Ohio. *Abbot* v. *Essex Co.*, 18 How. 202; *Parrish* v. *Ferris*, 6 Ohio St. 563; *Niles* v. *Gray*, 12 Ohio St. 320, citing and following *Abbot* v. *Essex Co., supra; Taylor* v. *Foster*, 17 Ohio St. 166; *Piatt* v. *Sinton*, 37 Ohio St. 353; *Martin* v. *Lapham*, 38 Ohio St. 538; *Collins* v. *Collins*, 40 Ohio St. 353; *Durfee* v. *MacNeill*, 58 Ohio St. 238; *Anderson* v. *United Realty Co.*, 79 Ohio St. 23; § 5970, R. S. O. (10580, Gen'l Code); *Walker* v. *Walker*, 20 O. C. C. 409; *Darlington* v. *Compton*, 20 O. C. C. 242; *Pendleton* v. *Bowler*, 27 Cinn. L. Bull. 313.

The Federal courts must look to the law of the State in which land is situated for the rules which govern its descent, alienation and transfer and for the effect and construction of wills and other instruments conveying title thereto, and in trials at law must regard the state law as a rule of decision. Section 721, U. S. Rev. St.; *Brine* v. *Ins. Co.*, 96 U. S. 627; *DeVaughn* v. *Hutchinson*, 165 U. S. 566; *Clarke* v. *Clarke*, 178 U. S. 186; *Orr* v. *Gilman*, 183 U. S. 278; *East &c. Co.* v. *Central Co.*, 204 U. S. 266; *Olmstead* v. *Olmstead*, 216 U. S. 386.

The Circuit Court of Appeals erred in not following the Ohio decisions and statute. *Giles* v. *Little*, 104 U. S. 291; *Britton* v. *Thornton*, 112 U. S. 526; *Roberts* v. *Lewis*, 153 U. S. 367; *Little* v. *Giles*, 25 Nebraska, 313; *Yocum* v. *Parker*, 134 Fed. Rep. 205; *Bilger* v. *Nunan*, 186 Fed. Rep. 665.

For decisions construing statutes like the Ohio statute, see: *Devecmon* v. *Shaw*, 70 Maryland, 210; *Snyder* v. *Baer*, 144 Pa. St. 278; *Kiefer* v. *Keepler*, 173 Pa. St. 181; *Simons* v. *Simons*, 168 Massachusetts, 144; *Harris* v. *Dyer*, 18 R. I. 540; *May* v. *San Antonio*, 83 Texas, 502; Page on Wills, § 562, pp. 653, 654.

Independently of statute, the will devised only a de-

feasible fee.. *Thompson* v. *Hoop*, 6 Ohio St. 480; *Smith* v. *Berry*, 8 Ohio, 365; other Ohio cases above cited; Schouler on Wills, § 262, p. 549.

The limitation over provided for in the will constituted a definite failure of issue; an estate tail, or an estate in remainder was not and could not have been created or implied. Kent's Comm., vol. 4, pp. 274, 275, star paging; 1 Tiffany on Real Prop., § 25, p. 63; 2 Jarman on Wills, 6th ed., Big star paging 1320; 2 Washburn, Real Prop., 5th ed., star paging 355.; *Niles* v. *Gray*, 12 Ohio St. 320.

A limitation over after definite failure of issue creates a defeasible fee. *Pells* v. *Brown*, 3 Croke's Rep. 590; *DeWolf* v. *Middletown*, 18 R. I. 810; *Toman* v. *Dunlop*, 18 Pa. St. 72; *Jordan* v. *Roach*, 32 Mississippi, 481; *Daniel* v. *Thompson*, 14 B. Mon. (Ky.) 662; *Wardell* v. *Allaire*, 20 N. J. L. 6; Page on Wills, § 591.

The construction given the will by the Circuit Court of Appeals, 146 Fed. Rep. 929, rests largely upon three cases, one from Ohio, one from Georgia and the third from South Carolina, each of which has been discredited or overruled. The rule in Ohio is not as declared in *Shaw* v. *Hoard*, 18 Ohio St. 228, but the opposite as in *Anderson* v. *United Realty Co.*, 79 Ohio St. 23, and cases therein cited. In Georgia, not as in *Wetter* v. *United &c. Co.*, 75 Georgia, 540, but the opposite as in *Matthews* v. *Hudson*, 81 Georgia, 126; *Chewing* v. *Shumate*, 106 Georgia, 751; *Hill* v. *Terrell*, 123 Georgia, 49; *Kinard* v. *Hale*, 128 Georgia, 485. *Carr* v. *Green*, 2 McCord (S. C.), 75, construed a will which was given exactly the opposite construction in *Carr* v. *Jeanerett*, 2 McCord (S. C.), 66. See also *Carr* v. *Porter*, 1 McCord Ch. 60; *Shaw* v. *Erwin*, 41 So. Car. 209; *Bond* v. *Moore*, 236 Illinois, 576. Other cases overruling *Carr* v. *Green* are: *Durant* v. *Nash*, 30 So. Car. 184; *Gordon* v. *Gordon*, 32 So. Car. 563; *Powers* v. *Bullwinkle*, 33 So. Car. 293; *Thompson* v. *Peake*, 38 So. Car. 440; *Sheppard* v. *Jones*, 77 So. Car. 274.

The decision of the Circuit Court of Appeals is also opposed to the decisions of the highest court of Mississippi, where the testator resided when his will was drawn, executed and took effect. *Jordon* v. *Roach,* 32 Mississippi, 481; *Sims* v. *Conger,* 39 Mississippi, 231; *Busby* v. *Rhodes,* 58 Mississippi, 237; *Johnson* v. *DeLome,* 77 Mississippi, 15; *Halsey* v. *Gee,* 79 Mississippi, 193; and besides being contrary to the decision of the Supreme Court of Ohio is also opposed to the decisions of the highest courts of all the States comprising the Sixth Circuit. *Hart* v. *Thompson,* 42 Kentucky, 482; *Daniel* v. *Thompson,* 53 Kentucky, 562; *Harris* v. *Berry,* 70 Kentucky, 113; *Sale* v. *Crutchfield,* 71 Kentucky, 636; *Crozier* v. *Cundall,* 99 Kentucky, 202; *Smith* v. *Ballard,* 117 Kentucky, 179; *Harvey* v. *Bell,* 118 Kentucky, 512; *Rice* v. *Rice,* 118 S. W. Rep. 270 (Ky.); *Williamson* v. *Tunis,* 107 Tennessee, 83; *Mullreed* v. *Clark,* 110 Michigan, 229.

*Mr. Rhea P. Cary* and *Mr. C. H. Trimble* for respondent: An executory devise or bequest cannot be prevented or disturbed by any alteration in the estate out of which or subsequent to which it is limited. The executory interest is wholly exempted from the power of the first beneficiary or taker. 4 Kent's Comm. 270; *Jackson* v. *Bull,* 10 Johns. 19; *Burleigh* v. *Clough,* 52 N. H. 275.

If only a life estate is granted, a power of disposition in the life tenant does not invalidate a remainder over. *Kelly* v. *Meins,* 135 Massachusetts, 234; *Ramsdell* v. *Ramsdell,* 8 Maine, 205; *Larned* v. *Bridge,* 17 Pick. 339; *Burleigh* v. *Clough, supra.*

The contract of October 4, 1844, was competent evidence. Declarations by one in possession, in disparagement of his title, are admissible against those claiming under him. *Dooley* v. *Baines,* 86 Virginia, 648; *Dodge* v. *Freedmen's S. & T. Co.,* 93 U. S. 379; *Henderson* v. *Wanamaker,* 79 Fed. Rep. 738; *Baker* v. *Humphrey,* 101 U. S.

499; 2 Wigmore on Ev., § 1080; 1 Elliott on Ev. (1904 ed.), § 261; 16 Cyc. 986.

It is the duty of courts to construe wills as they find them, and not to make them. While the doctrine of implication must be resorted to cautiously in the construction of wills, the courts should not hesitate to resort to that doctrine, when thus only can the manifest intention of the testator be carried out. *Holton* v. *White*, 23 N. J. L. 330, *Lytle* v. *Beveridge*, 58 N. Y. 592; *In re Moore's Estate*, 11 Misc. Rep. 436; *Bentley* v. *Kaufman*, 12 Phila. 435; *In re McAlpin's Estate* (Pa.), 60 Atl. Rep. 321; *Beilstein* v. *Beilstein*, 194 Pa. St. 152.

*Parrish* v. *Ferris*, 6 Ohio St. 563; *Niles* v. *Gray*, 12 Ohio St. 320; *Taylor* v. *Foster*, 17 Ohio St. 166; *Piatt* v. *Sinton*, 37 Ohio St. 353; *Martin* v. *Lapham*, 38 Ohio St. 538; *Collins* v. *Collins*, 40 Ohio St. 353; *Anderson* v. *United Realty Co.*, 79 Ohio St. 23, can be distinguished from the case at bar.

It is essential to a complete and effectual delivery of an instrument intended to operate as a present deed, that the grantor should part with all control and dominion over it. If he retains the right to recall the deed, it cannot be considered as delivered. The same principle applies to an escrow. 1 Devlin on Deeds, § 324, p. 578, citing *Campbell* v. *Thomas*, 42 Wisconsin, 437; *Miller* v. *Sears*, 91 California, 282; *Prutsman* v. *Baker*, 30 Wisconsin, 644; *In re Cornelius' Estate*, 151 California, 550. And see *Shirley* v. *Heirs*, 14 Ohio St. 310; *Provart* v. *Harris* (Ill.), 39 N. E. Rep. 958.

A plaintiff cannot be forbidden to try facts upon which his right to relief is based before a court of his own choice, if otherwise competent. *Willcox* v. *Consolidated Gas Co.*, 212 U. S. 19.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action of ejectment for land in Toledo, Ohio,

·brought by the respondent, Anderson.   The case went
three times to the Circuit Court of Appeals, and ended
in a judgment for the plaintiff.   146 Fed. Rep. 929; 77 C. C.
A. 179.   158 Fed. Rep. 250; 85 C. C. A. 468.   171 Fed.
Rep. 785; 96 C. C. A. 445.   The facts that need to be
stated are these: In 1841 Charles Butler assigned an over-
due mortgage of the land to Henry Anderson as security
for a note of his own.   He made default, Anderson brought
a bill to foreclose, (Butler not being served with process),
got a decree, bought in, and got the sale confirmed.   For
the purposes of this decision it may be assumed that An-
derson got the land in fee simple, subject to some question
as to Butler's rights.   The plaintiff below, the respondent
here, claimed as remainderman under the will of Henry
Anderson, who was his grandfather.   The petitioner claims
under a conveyance from Butler.   If the plaintiff's title
is bad that is an end of the case.

In 1846 Henry Anderson, then domiciled in Mississippi,
made his will and died, leaving two sons William and
James.   These sons executed deeds declaring that their
father Henry held and intended to hold the land in trust
to secure the payment of Butler's note, and Butler sub-
sequently made such payments on the same that it may
be assumed that unless the plaintiff has a title that his
father James could not affect by the above-mentioned
deed, he has none.   Whether he has such a title depends
on the terms of Henry's will.   That instrument, after
creating a general trust of substantially all the testator's
property, went on thus: "Item. It is my will that when my
son William arrives at the age of twenty-one years the
trustees   .   .   .   shall deliver to him a settlement of the
affairs of the trust, and if my debts are then paid, and as
soon as that takes place, they shall put him in possession
of one-half of my property reserving thereout two-fifth
parts of said moiety, by valuation which my said trustees
shall hold in trust and properly invest and pay over to

him at the age of twenty-five years  .  .  .  And it is my will that my said trustees hold and invest and pay over the remaining moiety of my estate to my son James at the respective periods of twenty-one and twenty-five years of age being governed as to the amounts to be paid at each of the respective periods by the same rules and directions as are above laid down in the bequest to William," &c..

If these clauses were all, there would be no doubt that William and James got an absolute title when they reached the age mentioned. But a following paragraph reads, "If either of my sons die without lineal descendants the one surviving shall take his estate above bequeathed, and if the survivor die without lineal descendants then" over to brothers and sisters of the testator. Later in the paragraph the testator says: "I make the following explanation: The limitations over on the death of my surviving son without lineal descendants is intended to take effect if there be no lineal descendants living at the time of the decease of such son. Nothing in the foregoing will shall be construed as to deprive either of my sons of disposing of their portions by will on their attaining the age of twenty-one years respectively. The above limitations over shall give way to the provision of such wills." The testator's son William died in 1850, unmarried and intestate. The other son James died in 1902, intestate and leaving the plaintiff his only child.

The Circuit Court of Appeals when this case first came up held that James took only a life estate and that the plaintiff got a remainder that his father could not affect. 146 Fed. Rep. 929. But pending the proceedings another case was tried in the state courts between these same parties concerning other parcels of land in Toledo depending on the same title, in which it was decided by the lower court and affirmed on writ of error by the Supreme Court of Ohio that James took a fee subject to be defeated

only by his leaving no lineal descendant. *Anderson* v. *United Realty Co.*, 79 Ohio St. 23. *S. C.*, 222 U. S. 164. The judgment of the lower court was pleaded, but it was held by the Circuit Court of Appeals after the affirmance by the Supreme Court that its own previous decision was the law of the case and that it was not at liberty to reverse the judgment even if the matter was *res judicata* on the principle laid down in *New Orleans* v. *Citizens' Bank*, 167 U. S. 371, 396. See *Parrish* v. *Ferris*, 2 Black, 606. In the absence of statute the phrase, law of the case, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power. *King* v. *West Virginia*, 216 U. S. 92, 100. *Remington* v. *Central Pacific R. R. Co.*, 198 U. S. 95, 99, 100. *Great Western Telegraph Co.* v. *Burnham*, 162 U. S. 339, 343. Of course this court, at least, is free when the case comes here. *Panama R. R. R. Co.* v. *Napier Shipping Co.*, 166 U. S. 280. *United States* v. *Denver & Rio Grande R. R. Co.*, 191 U. S. 84. In our opinion even apart from the effect of the state judgment as an adjudication it should have been followed, if for no other reason, because at least as against the decision of the Circuit Court of Appeals it was right.

The later clauses that we have quoted from the will make a difference, it is true, according to whether the sons leave lineal descendants at their death or not. But the interest thus exhibited in descendants is satisfied by the probability that they would inherit the property or be provided for out of it. It is not shown to be so definite and paramount as to cut down the gifts imported by the previous words except in the single event in which the will does so in terms. On the contrary the still later provision that nothing shall be construed to 'deprive' the sons of the power to dispose of 'their portions' by will

indicates that the testator meant the sons to be owners of his estate, subject to the divesting clause.

We should lean toward an agreement with the state courts, especially in a matter like this. In the present instance we see no sufficient reason for refusing to follow their judgment, even if, for any cause not pointed out to us, it did not finally adjudicate the question of title as between these parties in such wise as to be binding upon every court before which that title subsequently might be discussed.

*Judgment reversed.*