## FRANC, STROHMENGER & COWAN, Inc., v. FORCHHEIMER et al.

Circuit Court of Appeals, Sixth Circuit. May 21, 1929.

No. 5337.

Charles Neave, of New York City (Clifford E. Dunn, of New York City, on the brief), for appellant.

O. Ellery Edwards, of New York City, for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM. By opinion reported in 20 F.(2d) 553, this court reversed the order of the District Court awarding preliminary injunction upon claims 1, 2, 3, and 4 of the Langsdorf patent issued February 27, 1923, No. 1,447,090, and directed the District Court to dismiss the bill as to those claims. The other claim sued upon, 5, had been held invalid by the District Court, and plaintiff had not appealed; hence claim 5 was not directly involved in that opinion. Pending the time for possible rehearing, plaintiff moved that the case be remanded in order that it might introduce in the court below certain newly discovered evidence regarding the material "Resiline" and similar materials. This motion and an application for rehearing were denied, and the mandate issued. Promptly thereafter the District Court entered a final decree dismissing the bill as to all five claims; and plaintiff has brought this present appeal. In this court defendant moved to dismiss this appeal as frivolous, because no substantial question was involved not practically disposed of on the former appeal. This motion was denied; and, adopting our intimation that the question should be raised by motion to advance and affirm, defendant has now made that motion. Plaintiff also moves to remand the cause to the District Court so as to permit that court to consider certain newly discovered evidence concerning the

Heath patent, which was one of those offered in the former record as establishing absence of invention in the patent in suit, and also to consider proofs concerning "Resiline" and other similar materials.

We think the motion to remand and reopen should be denied, for two reasons. One is that, so far as the papers show, all the facts now sought to be proved concerning lining materials may have been known to plaintiffs before the final decree below so that the application is now too late; indeed, the showing now sought to be made is generally similar to that which was brought to our attention upon the motion for remand made on the former appeal. The other is that upon both points the proposed new testimony is cumulative; and we are not satisfied that if it had been present in the record at the time of our former opinion it would have changed the result—though this is not to say what force should now be given to this evidence were it duly in the record.

We think the motion to affirm should be granted. Upon full hearing this court decided four claims of the patent to be invalid. Doubtless we have the power, upon the second appeal, to reconsider and to reverse the conclusion reached upon the first appeal, even if upon an identical record (Messinger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152), but that will not be done save in the clearest case (Chesapeake, etc., Co. v. McKell [C. C. A. 6] 209 F. 514, 516); and, obviously, the fact that the former decision was by a divided court, while the court is now differently constituted, is of no importance. If the record on this appeal were substantially different from the former record, we should wish to hear counsel as to the effect of the difference; but the records, in the matter of testimony and exhibits, are identical.

If claim 5, not then passed upon by this court, were characteristically different from or more limited than the four claims then involved, that matter ought to be argued in the regular way; but inspection makes it entirely plain that claim 5 is at least as broad as the other claims, and was probably intended to be broader. Its only characteristic not expressed in the other claims is that the resiliency shall be in the direction of the length of the tie; but this limitation, if it be one, is inherent, though latent, in every claim. The whole subject-matter of the invention has to do with longitudinal resiliency and with no other. Claim 5 being thus no more limited than the claims which have been held invalid, it must share their fate. We think this con-clusion clear enough to justify a summary disposition.

Accordingly, the decree of the District Court is affirmed.