(C.R.D. 79–12)

FRUEHAUF CORPORATION, PLAINTIFF, v. UNITED STATES, DEFENDANT

Court No. 78–7–01295

(Dated July 12, 1979)

*Webster & Chamberlain*, Esqs. (*Christopher L. Hartwell*, Esq., of counsel) for the plaintiff.
*Stuart E. Schiffer*, Acting Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, Field Office for Customs Litigation, *Jerry P. Wiskin*, trial attorney, Esqs., for the defendant.

NEWMAN, Judge: Defendant has moved in accordance with rule 6.5(a) for an order compelling plaintiff to further respond to certain written interrogatories directed to plaintiff on March 6, 1979, concerning which plaintiff has interposed objections. Under all the facts and circumstances, and for the reasons indicated below, defendant's motion is denied.

The relevant background affecting this application is as follows:

On August 10, 1978, defendant moved to dismiss the instant action on the ground that it purports to cover two protests that were previously summoned by plaintiff in court No. 77–11–04640, in contravention of 28 U.S.C. 1582(d).[1] Concurrently, defendant moved for severance and dismissal in court No. 77–11–04640 on the ground that the action was filed untimely respecting one of the protests covered by the summons. In court No. 77–11–04640, plaintiff cross-moved for dismissal of that entire action on the ground that it was filed prematurely (viz. prior to denial of the protests). By an order entered on

---

[1] 28 U.S.C. 1582(d), so far as pertinent, reads: "Only one civil action may be brought in the Customs Court to contest the denial of a single protest."

November 20, 1978, defendant's motion for severance and dismissal of court No. 77–11–04640 was denied and plaintiff's cross-motion to dismiss that entire action was granted. Additionally, defendant's motion to dismiss the present action was denied by another order entered on November 20, 1978.

In opposition to defendant's present motion, plaintiff contends that by interrogatories numbered 2 through 9, to which plaintiff has objected, defendant is attempting to inquire into matters relating to the court's jurisdiction that were previously adjudicated by my orders on November 20, 1978. Interrogatories numbered 2 through 9 seek to ascertain facts concerning the maintenance of records by plaintiff relative to the requests for accelerated disposition received by the Customs Service respecting protest Nos. 28096–001206 and 28097–000075. Plaintiff relies upon the doctrines of collateral estoppel and the law of the case to preclude the inquiry sought by defendant.

In support of its motion, defendant argues that my jurisdictional ruling of November 20, 1978, in the present case was not a final order and was "without prejudice"; that the court should, in its discretion, decline to apply the "law of the case" doctrine where jurisdictional questions are presented; and that jurisdictional questions may be raised at any stage of the proceedings.

The nub of the issue is whether defendant's interrogatories 2 through 9, which admittedly inquire into factual matters germane only to the jurisdictional questions previously adjudicated in court No. 77–11–04640 and in the present action, are now relevant.

While this court may, at any stage of the proceedings, entertain jurisdictional challenges predicated upon new grounds not previously adjudicated,[2] "the practice of the courts generally to refuse to reopen what has been decided" (*Messenger* v. *Anderson*, 225 U.S. 436, 444 (1912) is applicable here. *Cf. Delaware Watch Co., Inc.* v. *United States*, 64 Cust. Ct. 659, R.D. 11698, 311 F. Supp. 1320 (1970). Moreover, it must be recognized that under the salutary principles of res judicata and collateral estoppel, defendant is precluded from relitigating the same jurisdictional issue heretofore determined by the prior final judgment in court No. 77–11–04640, dismissing the action as premature. See 1B "Moore's Federal Practice" (2d ed. 1974) §§ 0.401, 0.405, 0.409[6], 0.445.[3] For an excellent analysis of the doctrines of res judicata and collateral estoppel see an opinion by Chief Judge Re in *Nichols & Company, Inc.* v. *United States*, 80 Cust. Ct. 26, C.D. 4734, 447 F. Supp. 455 (1978), *aff'd*, 66 CCPA 160, C.A.D. 1217, 586 F. 2d 826 (1978). And see Judge Maletz' comprehensive discussion of

---

[2] Defendant concededly does not seek to urge a new ground for lack of jurisdiction. The disputed interrogatories concern requests for accelerated disposition mailed to the Customs Service, which were previously involved in the motion for severance and dismissal in court No. 77–11–04640.

[3] While collateral estoppel has been held to be inapplicable to classification (*United States* v. *Stone & Downer Co.*, 274 U.S. 225 (1927)), in court No. 77–11–04640, the only issue adjudicated by the dismissal was jurisdiction.

collateral estoppel in reappraisement cases in *J. E. Bernard & Co., Inc.* v. *United States*, 66 Cust. Ct. 545, R.D. 11739, 324 F. Supp. 496 (1971).

Finally, in support of its position, defendant points out that the words "with prejudice" were stricken out of plaintiff's proposed order denying defendant's motion to dismiss in this action, and thus erroneously infers that the denial of its motion was "without prejudice." Such inference is totally unwarranted. Plainly, a court's order directing denial of a motion to dismiss need not expressly state "with prejudice" to have that effect. If an order were intended to be "without prejudice," the court explicitly so indicates, and thereby does not leave such matter to inference.

Under the present posture of this case, it is clear that interrogatories 2 through 9 have no present or prospective relevance, and hence no purpose would be served by requiring plaintiff to further respond. Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendant's motion to compel discovery is denied.