846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LEAR SIEGLER, INC., Plaintiff-Appellant,
v.
SEALY MATTRESS COMPANY OF MICHIGAN, INC., Hoover Universal,
Inc. and Hoover Group, Inc., Defendants-Appellees.
 No. 87-1568.
 United States Court of Appeals, Federal Circuit.
 March 25, 1988.
 
 Before FRIEDMAN, DAVIS and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 This interlocutory appeal is from the judgment of the United States District Court for the Eastern District of Michigan denying the motion of Lear Siegler, Inc. (LSI) for a permanent injunction. We affirm.
 
 OPINION
 
 2
 * As a preliminary matter, we deal with the argument of Sealy Mattress Company of Michigan, Inc. et al. (Sealy) that this court lacks jurisdiction over this appeal. Sealy contends that the district court did not deny but deferred a decision on LSI's motion for a permanent injunction and, therefore, an appeal cannot be taken. See 28 U.S.C. Sec. 1292(a)(1). Sealy also argues that even if the district court did deny the injunction, Fed.R.App.P. 4(a)(4) requires that the appeal be dismissed because Sealy filed post-trial motions pursuant to Fed.R.Civ.P. 50(b) and 59 for a judgment notwithstanding the verdict and alternatively for a new trial.
 
 
 3
 We do not pass on these arguments because these issues have already been decided by another panel. Order of Sept. 29, 1987 (unpublished). The law of the case doctrine, which "expresses the practice of courts generally to refuse to reopen what has been decided ...," Central Soya Co. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1580, 220 USPQ 490, 495 (Fed.Cir.1983) (quoting Messenger v. Anderson, 225 U.S. 436, 444 (1912)), precludes reconsideration of these issues, Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc., 761 F.2d 649, 657, 225 USPQ 985, 990 (Fed.Cir.1985), unless one of three "exceptional circumstances" exist. These circumstances include: "(1) the evidence on subsequent trial was substantially different; (2) controlling authority has intervened; or (3) the earlier decision was clearly erroneous and would work a manifest injustice." Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 900, 221 USPQ 669, 678 (Fed.Cir.1984). None of these circumstances exist here, so the earlier order of this court that the district court denied LSI's motion for an injunction and that Fed.R.App.P. 4(a)(4) does not require dismissal of this appeal stands. Accordingly, we have jurisdiction.
 
 II
 
 4
 LSI says the district court should have entered a permanent injunction once the validity and infringement of their patents, Nos. 3,825,960 and 3,833,948, had been established. It says that as the prevailing party it was "entitled to a permanent injunction against further infringement by [Sealy] under 35 U.S.C. Sec. 283."
 
 Section 283, however, provides:
 
 5
 The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable. [Emphasis added.]
 
 
 6
 This does not require that an injunction be entered once infringement is established, Roche Products, Inc. v. Bolar Pharmaceutical Co., 733 F.2d 858, 866, 221 USPQ 937, 943 (Fed.Cir.1984); rather, the "district courts have braod discretion in determining whether the facts of a situation warrant an injunction." Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 1548, 3 USPQ2d 1412, 1420 (Fed.Cir.1987) (emphasis added). We review the denial of the injunction for abuse of discretion. Id.; Windsurfing Int'l, Inc. v. AMF, Inc., 782 F.2d 995, 1002, 228 USPQ 562, 567 (Fed.Cir.1986).
 
 
 7
 The jury found the patents valid and infringed, and awarded LSI more than $2.8 million in damages which it said was "total compensation" for "[Sealy's] use of the patented product." The district court was uncertain what the jury meant by total compensation and we presume that will be resolved in due course. But the injunction decision was made against this backdrop of uncertainty.
 
 The court said:
 
 8
 I have to assume that the Jury intended to compensate plaintiff for more than "through 1986." Obviously, I don't know whether they meant to compensate plaintiff up to the date of the verdict [July 30, 1987], or whether they meant to compensate plaintiff through the life of the patent.
 
 
 9
 Of course, if the award was full compensation for the life of the patent, the district court did not abuse its discretion in deciding not to enter an injunction. See Trans-World Manufacturing Corp. v. Al Nyman & Sons, Inc., 750 F.2d 1552, 1565, 224 USPQ 259, 267 (Fed.Cir.1984) ("Where the damage award is based upon an assumed license for the life of the patent, there is no need to enjoin use, since the license fee authorizes use"). On the other hand, if it was not, an injunction would normally be expected. KSM Fastening Sys., Inc. v. H.A. Jones Co., 776 F.2d 1522, 1524, 227 USPQ 676, 677 (Fed.Cir.1985). In the face of this quandary, the court weighed the equities and concluded that it was not in "the best interests of justice" to issue an injunction. It reasoned:
 
 
 10
 If I issue an injunction and, in fact, significantly affect the defendants' operations--as I think it will--that is, [by issuing] an immediate injunction; and if an appellate court would conclude [to the contrary] as defendants are urging me to conclude and as I am inclined to conclude, then we may have worked considerable harm on the defendants, unfairly.
 
 
 11
 On the other hand, if I refrain from issuing the injunction for a few months--and they are only asking for less than five months--and it turns out that the appellate court agrees with the plaintiff, it certainly seems to me that any harm the plaintiffs have suffered may be more easily rectified than any harm to the defendants, if they are forced to have their business interrupted and affected substantially.
 
 
 12
 The court balanced its concern about the substantial hardship Sealy would suffer if an injunction were immediately issued and Sealy's representation that it would "eliminate" the infringing products within five months against the potential but reparable harm to LSI absent the injunction. However, it provided for LSI to take additional discovery to determine whether Sealy was still infringing the patents. Sealy now represents that it has converted its factories to the production of non-infringing products, but LSI remains concerned about future violations. This can more appropriately be addressed by the district court. Things apparently have changed since the injunction was denied and that may make a difference to the district court if LSI wants to pursue this remedy once the significance of the jury's verdict is determined. But under all the circumstances, we cannot say the district court abused its discretion in denying this request for an injunction.