OPINION
Defendant-appellant, John Nix ("Nix"), appeals from the Lake County Court of Common Pleas judgment entered December 7, 1998, awarding plaintiff-appellee, Designer's Workshop, Inc. ("Designer's Workshop"), $51,929.34 plus costs for Nix's breach of contract and embezzlement of company funds.
Designer's Workshop is a custom wood workshop. Nix began working for Designer's Workshop in April of 1994. Nix, an accountant with twenty to thirty years of general management experience, joined Designer's Workshop to handle the financial aspects of the company. Specifically, Nix's duties included preparation of accounting statements, accounts payable, negotiations with vendors, and the preparation and filing of the company's tax returns. On July 23, 1995, Nix was removed from his position at Designer's Workshop when it was noticed that certain checks listed by Nix as "VOID" in the company's check registry were actually paid by the bank. Further investigation revealed that many "voided" checks were written by Nix and made payable to Nix, or deposited into his accounts.
On May 1, 1996, Designer's Workshop filed suit against Nix to recover monies allegedly embezzled from the company. The matter was tried to the court on April 21, 1997. At trial, Designer's Workshop presented ten checks totaling $29,650 that Nix wrote from corporate accounts to himself. All of the checks Nix wrote to himself were either missing or marked "VOID" on the company's check registry. In total, fifty-eight checks were marked "VOID" in the registries. Nix testified he did not know how many of these were written to himself, but the company only produced ten as evidence at trial. Designer's Workshop also presented evidence that Nix used company employees to do some remodeling work on his home for which he did not reimburse the company. The value of the service provided was determined to be $3,009.37. Additionally, Designer's Workshop alleged that Nix was responsible for penalties and interest it incurred as a result of Nix's failure to file various tax returns. Designer's Workshop incurred the following penalties and interest as a result of the failure to file tax returns: $3,576.23 to the federal government; $2,887.66 to the State of Ohio; $2,100 to Lake County, and $10,706.08 to local agencies, in total equaling $19,269.97.
In response to the embezzlement claim, Nix claimed that, prior to taking any funds, he had advanced his own money to cover business expenses of Designer's Workshop's, and that the checks he issued to himself were repayments of these "loans." In support of this testimony, Nix submitted personal checks totaling $7,400 that he deposited into Designer's Workshop's accounts. He submitted other checks that he claimed to have deposited into Designer's Workshop accounts as well. But Nix did not produce any regular accounting documentation at trial regarding the "loans" he allegedly provided to the corporation, and was unable to explain why his "advance" of monies to the company typically occurred after he withdrew money from the company's bank accounts. The court itself directed a number of questions to Nix seeking an explanation as to why a trained accountant would disregard regular accounting principles in maintaining the records. In particular, the court queried as to why, if he was loaning money to the company, he did not make a record of that fact, and why he did not tell anyone in the company that he was personally providing needed operating capital. Within the context of these questions, (and in light of the court's ultimate judgment) Nix's responses were noteworthy for their lack of plausibility.
By way of mitigation, two corporate officers, Kolz and Fintz, acknowledged that Nix eventually repaid Designer's Workshop, over a period of several months, for $10,000 that was withdrawn from corporate accounts. In sum, the total amount of money for which Nix was able to submit some evidence as payment to Designer's Workshop exceeded $10,000, but was substantially short of the $29,650 that Designer's Workshop was able to document he took. Also, there was testimony that, at the time of trial, Designer's Workshop was on a payment plan with the local tax authorities that could result in a seventy-five percent abatement of the $10,706.08 owed to the local tax agency in penalties and interest. However, at the time of trial, the full amount was still due and owing.
On June 4, 1997, the trial court issued its decision in favor of appellee for $43,500 on its claim that Nix embezzled funds from Designer's Workshop. The trial court further found that the amount appellee embezzled from the corporation contributed to appellee's failure to meet its tax obligations and awarded Designer's Workshop $25,000 for tax penalties and interest assessed against the corporation. The trial court did not elaborate as to how it reached its total award to Designer's Workshop of $68,500 in damages. Nix appealed from this judgment, asserting it was contrary to the weight of the evidence. InDesigner's Workshop v. Nix (July 24, 1998), Lake App. No. 97-L-149, unreported, this court affirmed the judgment of the trial court generally, but remanded the matter for further proceedings on the issue of damages. In its judgment, the trial court did not explain how it arrived at $68,500 as the amount of damages. The remand order directed the trial court to clarify and justify its award of damages, and to consider new evidence if necessary to accurately calculate the damages.
On remand, on September 8, 1998, the court conducted a hearing wherein it requested the parties to file proposed findings of fact and conclusions of law on the issue of damages. No new evidence was taken. In October, both parties submitted proposed findings. On December 7, 1998, the court issued its ruling. The court listed the ten checks it found to be embezzled, totaling $29,650, and added to this the value of the unpaid remodeling Nix obtained, $3,009.37, reaching its first subtotal of $32,659 (formerly $43,500). The court did not explain the reason for the difference from the former award. The court listed the income tax penalties and interest due to four taxing agencies, and arrived at a total of $19,269.97 (formerly $25,000). The court explained that it previously had included the taxes owed, rather than just the penalties and interest. The total adjusted award is $51,929.34. The court did not indicate why it completely discounted and disregarded any evidence submitted by Nix regarding payments he allegedly made back to the corporation. In its prior judgment, the court had stated that Nix was unable to satisfactorily explain any of the transactions, noting that he had completely disregarded established accounting principles, and determined that his carelessness in keeping records would now work to his detriment. The amount the court arrived at indicates Nix was not given any credit in mitigation for the money he claims (and Designer's Workshop officers acknowledged) he deposited back into Designer's Workshop accounts. From this judgment, appellant filed a timely notice of appeal assigning the following error:
 "The trial court abused its discretion and erred to the prejudice of the appellant when it granted judgment for an excessive and unsupported amount."
 Abuse of discretion is more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary, and unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157. Nix's argument is two-fold, addressing the award on the embezzlement and the award for tax penalties and interest separately. With respect to the embezzlement award, Nix argues that this Court made findings of fact in Designer's Workshop v. Nix (July 24, 1998), Lake App. No. 97-L-149, unreported, which were binding on the trial court on remand based on the doctrine of the law of the case. In support of this, Nix cites Whitaker v. The Michigan Mut. Life Ins. Co. (1908), 77 Ohio St. 518, for the proposition that the "factual findings" by a court of appeals become the law of the case on remand when no new evidence is presented. Nix argues that this court made findings in our prior opinion that he had repaid $24,250, and therefore it was an abuse of discretion for the trial court to not grant an offset of that amount against the $29,650 he took in checks. With respect to the tax penalties and interest portion of the award, Nix argues that the trial court abused its discretion when it did not pass along to him a seventy-five percent abatement on the local tax bill that Designer's Workshop would be entitled to upon successful completion of a payment plan it entered with the local tax authorities. He argues he was entitled to an $8,000 reduction in the award because Designer's Workshop has a duty to mitigate its damages by successfully completing the payment plan, and he should not be required to pay penalties it is not required to pay.
The doctrine of the law of the case provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both trial and reviewing levels.Gohman v. St. Bernard (1924), 111 Ohio St. 726, 730. "While this court has the power to redetermine what was then adjudged, it should adhere to the former decision unless the decision was very clearly erroneous. `* * * [T]he phrase "law of the case," * * * merely expresses the practice of courts generally to refuse to open what has been decided — not a limit to their power.'" Trustees ofthe Cincinnati Southern Railway Co. v. McWilliams (1923), 18 Ohio App. 225,233, quoting Messenger v. Anderson (1912), 225 U.S. 436,56 L.Ed. 1152, 32 S.Ct. 739. The doctrine of the law of the case addresses legal, not factual, determinations made by an appellate court. This court does not make factual findings, rather it draws legal conclusions based upon the record before it.
The portion of our prior opinion Nix relies on is as follows:
 "In support of his testimony, appellant submitted personal checks, totaling $7,400, that he deposited into appellee's accounts. Appellant also submitted corporate bank statements showing that deposits were made into appellee's bank accounts from an unknown source on April 17, 1995 for $3,350 and May 10, 1995 for $3,500. Kolz and Fintz acknowledged that appellant eventually repaid Designer's Workshop, over a period of several months, for an additional $10,000 that was withdrawn from corporate accounts. Appellant was unable to account for any other funds that he withdrew from the company's accounts." Designer's Workshop v. Nix
(July 24, 1998), Lake App. No. 97-L-149, unreported, at 5.
 Ignoring for a moment that this court does not make findings of fact, these statements are a recitation of evidence that was produced or adduced at trial, not findings of fact. They indicate Nix submitted personal checks. They also indicate that he produced bank statements showing deposits from an unknown source. This court never suggested that Nix should be credited for monies deposited from an unknown source. Furthermore, the trial court was the trier of fact, and in reaching its conclusions, was free to consider all relevant evidence, and to determine its weight and credibility. Thus, even though Fintz may have agreed under cross-examination that money was paid back, the trial court was nevertheless free to consider other evidence, and not necessarily bound to accept those statements made by Fintz under cross-examination as fact. The judgment of the trial court with respect to these facts is reviewed under the abuse of discretion standard.
Implicit in this court's order on remand for the trial court to clarify and justify the award of damages was the authority to reconsider the damages entirely, and to reach the appropriate conclusion. No limitation was placed on the trial court regarding the amount it determined. The doctrine of the law of the case expresses the practice that the courts refuse to reopen what has been decided. In the absence of an appropriate explanation and justification of the amount of damages awarded, this court did not consider that issue decided, which was the purpose of the remand order.
In clarifying the basis for the award, the trial court listed all the checks and their amounts it found to be embezzled in its judgment entry of Dec. 7, 1998. It added to that the services Nix obtained valued at $3,009.37 and reached the first subtotal of $32,659.37. This represents a downward adjustment of $10,840.63 from the original award. The basis for the award is now clear. The court offered no explanation as to why it gave no credits to Nix for the monies he claimed to have paid back, which is not particularly helpful under the circumstances. However, a review of the record sheds some light on its rationale.
The court put emphasis on the absence of regular accounting records documenting the flow of money. Nix claimed to be advancing the company money, yet, even though it was his job to do so and he was a trained accountant, he created no record of his "loans." In the absence of normal accounting records, Nix presented a hodgepodge of documentary evidence at trial consisting of photocopies of various checks, statements, and deposit slips from different accounts, companies and banks. Defendant's exhibit A, for example, which purports to prove repayment of $5,000, consists of the following: one personal check, a deposit slip, and a copy of a Designer's Workshop bank statement indicating payment of $2,500; a copy of a bank statement of Nix's and a corresponding copy of a bank statement of Designer's Workshop indicating payment of $2,000; and, a check from a company called Cleveland Galvanizing, a deposit slip, and a corresponding copy of a Designer's Workshop bank statement indicating payment of $500. This is an exhibit Fintz agreed indicated money was paid back. However, for example, why was no corresponding cancelled check provided for the $2,000 amount, but only copies of statements? Why would he provide a canceled check in the other two instances, but not this one, when it came from his personal account? And how is the court to know, in the absence of regular accounting records, what the $500 check from Cleveland Galvanizing was in payment of? This check appears to be endorsed by someone other than Nix.
Another aspect of the problem is the $2,500 check comprised a part of the $10,000 that Fintz "agreed" was paid back, and also was included in the $7,400 this court indicated in its prior opinion was paid by personal check. Had we adopted the law of the case theory proposed by Nix, he could have been double credited for $2,500. This underscores the importance of the absence of regular accounting records documenting the flow of money in and out of Designer's Workshop, which was Nix's responsibility to maintain. Generally, Nix's manipulation of funds created a confusing situation. Upon further review of defendant's exhibits, there are only two personal checks totaling $3,250 in the record, not the $7,400 previously indicated. The court directed a number of questions to Nix regarding the reasons for the lack of regular accounting procedures, and his answers were evasive. He gave no good reason. In concluding that Nix would receive no credit for monies he claimed to have deposited with the company as either loans or payback for the money he took, the court largely based its decision on his failure to create any normal accounting records of what these payments were for. The court clearly found him less than credible. The trial court did not abuse its discretion in establishing the first part of the damages award.
With respect to the second part of the damages award, Designer's Workshop put on evidence at trial establishing the amount of tax-related penalties and interest they owed. At that time, the testimony indicated the full amount was still due. The abatement which Nix wants a credit for is a future contingency. If, for any reason, Designer's Workshop is unable to comply with the terms of the payment plan, then the same amount would still be due. Therefore, the trial court did not abuse its discretion by not passing along to Nix a reduction which Designer's Workshop has not yet obtained. Nix cites no law to the contrary. Nix's assignment of error is without merit, and the judgment of the trial court is affirmed.
 ____________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., and NADER, J. concur.