Daniel **BERTOLET**, Plaintiff,

v.

Carl W. **BRAY**, Defendant.

No. C–1–03–007.

United States District Court, S.D. Ohio, Western Division.

Aug. 1, 2003.

Clifford W. Shepard, Indianapolis, IN, Constance Annette Hill, Cincinnati, OH, for Plaintiff.

Carl W. Bray, Franklin, OH, Pro se.

Thomas Graham Eagle, Thomas G. Eagle Co. LPA, Franklin, OH, for Defendant.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Plaintiff's Motion for Reconsideration (doc. 52) of this Court's May 30, 2003 Order denying Plaintiff's request for default judgment against Defendant Bray (doc. 50).

## BACKGROUND

The facts of this case set forth below are taken from Plaintiff's Motion for Reconsideration (doc. 52). Plaintiff Daniel Bertolet alleges that while attending a NASCAR race in August 2001, he had an altercation with Defendant Carl Bray (*Id.*). Defendant Bray alleges that Plaintiff broke his windshield and an officer at the site gave Defendant Bray Plaintiff's insurance information (*Id.*). Plaintiff alleges that the insurance information contained his name and social security number (*Id.*). Plaintiff further alleges that less than ten days later, Defendant Bray illegally accessed and made an inquiry on his credit report using the personal information provided by the insurance card (*Id.*). Plaintiff alleges that Defendant Bray admitted to illegally accessing Plaintiff's credit report at the facilities of his employer at the time, MIB Mortgage Company (hereinafter "MIB"), in Ohio (*Id.*).

Defendant Bray filed a small claims complaint against Plaintiff for the repair of his windshield (*Id.*). Judgment was granted in favor of Defendant Bray and Plaintiff was ordered to pay $275.00, plus court costs (*Id.*). Plaintiff alleges he paid the full amount to Defendant (*Id.*). Later,

when Plaintiff noticed the inquiry on his credit report, he filed the current action against Defendants Bray and MIB in the Southern District of Indiana for violation of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §§ 1681 *et seq.* (*Id.*).

Plaintiff alleges that Defendant Bray had been served notice to the FCRA case in the Southern District of Indiana but never responded (*Id.*). On June 21, 2002, the clerk in the Southern District of Indiana entered default judgment against Defendant Bray (*Id.*). On August 13, 2002, the Honorable Richard L. Young, District Judge for the Southern District of Indiana entered final judgment awarding Plaintiff seven hundred dollars ($700.00) in actual damages, five thousand dollars ($5,000.00) in punitive damages, and one hundred fifty dollars ($150.00) as attorney's fees. The Honorable Judge Young ordered that such judgment should bear interest at the legal rate.

Defendant MIB moved to dismiss the Complaint against it, arguing that the federal district court in Indiana did not have personal jurisdiction over it, because MIB lacked minimum contacts with the forum as described in *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (doc. 35). Defendant MIB likewise moved to transfer the case to this Court (doc. 34), while noting that Plaintiff had brought his case pursuant to the Ninth Circuit opinion *Myers v. The Bennett Law Offices,* 238 F.3d 1068 (9th Cir. 2001) (relying on *Calder v. Jones,* 465 U.S. 783, 791, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), and finding that the request of credit reports on residents in another state constitutes conduct expressly aimed at the forum state, therefore justifying personal jurisdiction over the person or entity requesting credit reports). On December 12, 2002, the Honorable Judge Young found that jurisdiction and venue were im-

proper in Indiana, agreed that the proper forum is this Court, granted MIB's motion to transfer, and denied MIB's motion to dismiss as moot (doc. 36). In so ordering, the Honorable Judge Young did not address whether his prior default judgment against Defendant Bray was invalidated for lack of jurisdiction.

Upon transfer to this Court, Defendant MIB and Plaintiff reached settlement, and the case against MIB was voluntarily dismissed (doc. 48). The parties' Stipulation of Partial Voluntary Dismissal indicated that all claims against MIB were dismissed, but Plaintiff reserved his claims against Defendant Bray (doc. 48). Upon Plaintiff's request, this Court refused to uphold the Southern District of Indiana's Default Judgment against Defendant Bray, questioning the validity of that court's jurisdiction over Defendant Bray (doc. 46). The Court ordered Defendant Bray to show cause as to why default judgment should not be entered against him (*Id.*). At the subsequent hearing, on May 29, 2003, Defendant Bray appeared before the Court and raised a number of arguments that the Court found could constitute a meritorious defense to Plaintiff's allegations (doc. 50). Consequently, the Court denied Plaintiff's request for default judgment and scheduled a preliminary pretrial conference (*Id.*).

Plaintiff now requests the Court to reconsider its refusal to uphold the Southern District of Indiana's Default Judgment against Defendant Bray (doc. 50). Plaintiff specifically requests that the Court "give Full Faith and Credit" to the Judgment entered by the federal court in Indiana, or in the alternative to enter default judgment against Defendant Bray for his failure to file an Answer. Defendant Bray did not file a response to this motion.

**DISCUSSION**

■ The Court notes that although counsel for MIB, Thomas Eagle, entered a

notice of appearance for Defendant Bray on January 27, 2003, and though the record does not indicate that Mr. Eagle ever withdrew his appearance on behalf of Defendant Bray, Defendant Bray has essentially represented himself *pro se* before this Court. The Court is reluctant to enter default judgment against a *pro se* litigant for failure to file an Answer, when that litigant has appeared before the Court on at least two occasions in order to articulate a defense to Plaintiff's allegations.

■ As for Plaintiff's alternative request that the Court give full faith and credit to Southern District of Indiana's default judgment against Defendant, the Court first notes that the Full Faith and Credit Clause of the United States Constitution concerns judgments issued from state courts, not federal courts.[1] Secondly, if such judgment was properly grounded in that the Indiana Court did have personal jurisdiction over Defendant Bray, the governing doctrine over such ruling would be that of the "law of case." *See, e.g., Kritsidimas v. Sheskin,* 411 A.2d 370, 371–72 (D.C.1980). The "law of the case" doctrine prevents a court from revisiting its prior decisions or those of a coordinate court "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v.*

*Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912).

■ The Court notes that Plaintiff's basis for jurisdiction over Defendant Bray was premised on Ninth Circuit law that is not clearly established in the Sixth Circuit. Moreover, the Southern District of Indiana obviously questioned its own jurisdiction over co-Defendant MIB, having transferred this matter to this Court. The Court rejects Plaintiff's repeated assertion that the onus is on Defendant Bray to challenge the Southern District of Indiana's jurisdiction over him. A plaintiff bears the burden of establishing the trial court's personal jurisdiction over the defendant. 5A Wright & Miller, Federal Practice and Procedure, §§ 1351 at 248 (2d ed.1990).

Though Plaintiff has not definitively demonstrated the Southern District of Indiana's jurisdiction over Defendant Bray, the Court finds that Defendant Bray did purposefully avail himself of the laws of the state of Indiana in pursuing his small claims complaint against Plaintiff. Defendant Bray's initial contact with Plaintiff was in Indiana. Furthermore, the Court finds persuasive the proposition under *Myers v. The Bennett Law Offices,* 238 F.3d 1068 (9th Cir.2001), that Defendant Bray's running of Plaintiff's credit report in Ohio caused Plaintiff injury in Indiana. Finally, the Court finds that the record shows that Defendant Bray received notice of the Southern District of Indiana's judgment against him, and therefore at his own risk chose not to defend himself or to have counsel represent him before that court.[2]

---

1. Although the Full Faith and Credit Clause of Article IV of the United States Constitution does not, by its terms, apply to federal courts, Title 28 U.S.C. § 1738 "places upon federal courts the same burden as the Constitution's Full Faith and Credit clause places on state courts."

2. The pleadings in the case before the Southern District of Indiana, specifically Plaintiff's Verified Application for Judgment by Default, paragraph 2, (attached to doc. 52), represented to that court that Mr. Bray was served with a summons and a copy of Plaintiff's Complaint on April 26, 2002, which he actual-

Plaintiff argues that the Southern District of Indiana judgment against Defendant Bray is valid and should be enforced against him. Plaintiff argues that Defendant has failed to provide evidence of mistake, inadvertence, surprise, or excusable neglect under Fed.R.Civ.P. 60(b)(1) in order to merit relief from the such judgment. The Court notes, however, that Defendant has not filed a motion under Fed.R.Civ.P. 60. The present motion to reconsider is that of Plaintiff, requesting the Court to reconsider its denial of a grant of default judgment against Defendant Bray, or in the alternative, to grant full faith and credit to the judgment of the Southern District of Indiana. As such, Plaintiff's arguments based on Rule 60 are misplaced. Defendant has made no motion pursuant to Rule 60. Defendant simply responded on May 29, 2003, to this Court's order to show cause why this Court should not enter default judgment against him.

■■■■ Having reviewed this matter, the Court finds that the Southern District of Indiana's judgment against Defendant Bray constitutes the law of the case. The Court finds valid that portion of the final judgment entered against Defendant Bray in the Southern District of Indiana pertaining to actual damages and fees. The Court finds that the district court in Indiana had subject matter jurisdiction over Defendant Bray, who violated a federal law in obtaining Plaintiff's credit report. The Indiana court similarly had *in personam* jurisdiction over Bray, because Bray targeted his wrongful conduct at Plaintiff, who lives in Indiana. *Calder v. Jones,* 465 U.S. 783, 791, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), *Myers,* 238 F.3d 1068 (9th Cir.2001).

■■ However, the Court finds that, taking into consideration the facts of the parties' initial encounter, the Southern District of Indiana's judgment of $5,000.00 in punitive damages against Defendant Bray is erroneous and would work a manifest injustice. The Court finds that in the unique circumstances of this case, Defendant Bray has been punished sufficiently for his wrongful act. The Court is of the opinion that Plaintiff's injury has been substantially addressed by his settlement with Defendant MIB, and is more than adequately redressed by the Southern District of Indiana's judgment for actual damages and for attorney's fees against Defendant Bray. Consequently, the Court departs from the Southern District of Indiana's judgment of $5,000.00 in punitive damages, but shall enforce the balance of such judgment as the law of the case.

Accordingly, the Court GRANTS Plaintiff's Motion for Reconsideration (doc. 52) to the extent that it ENFORCES that portion of the Southern District of Indiana's judgment pertaining to actual damages and attorney's fees. The Court therefore ORDERS Defendant Bray to compensate Plaintiff with interest from the

ly received on May 2, 2002, by certified mail. Service in such manner is permitted by Fed.R.Civ.P. 4(e)(1) by means of Ind. R. Tr. P. 4.1(A)(1).

On June 21, 2002, the clerk in the Southern District of Indiana entered default judgment against Defendant Bray, for failure to plead or otherwise defend as required by law. The record shows that such default judgment was served upon Defendant Bray at his home address in June 2002, contradicting Defendant's assertion to the contrary at the May 29, 2003

hearing before this Court. Having received a copy of the default judgment entered against him in June 2002, the Court finds that Defendant Bray was on notice that he faced liability for violation of 15 U.S.C. §§ 1681 *et seq.,* the Fair Credit Reporting Act. Defendant Bray's subsequent failure to appear or to have counsel appear on his behalf at the August 11, 2002 hearing before the Honorable Judge Young on the issue of damages resulted in the entry of final judgment against him.

date of final judgment on August 13, 2002, the amounts of seven hundred dollars ($700.00) in actual damages, and one hundred fifty dollars ($150.00) as attorney's fees.

SO ORDERED.