PER CURIAM.
Thomas Douglas Arthur appeals from the Montgomery Circuit Court's dismissal of his complaint seeking a judgment declaring §§ 15-18-82 and -82.1, Ala. Code 1975, unconstitutional, which he contends he brought pursuant to § 6-6-220 et seq., Ala. Code 1975, and seeking injunctive relief. In that action, Arthur sought to have that court (1) declare that §§ 15-18-82 and -82.1, Ala. Code 1975, which deal with execution of convicts, violate Art. III, § 42, Ala. Const. 1901, the separation-of-powers provision, as an unconstitutional delegation by the legislative branch of lawmaking authority to the executive branch; (2) declare that §§ 15-18-82 and -82.1, Ala. Code 1975, violate Art. I, § 6, of the Ala. Const. 1901 by depriving Arthur of due process of law; and (3) enjoin the State from executing Arthur pursuant to a method of execution determined by the executive branch, specifically the Alabama Department of Corrections. The State moved to dismiss the declaratory-judgment action, arguing that the Montgomery Circuit Court did not have subject-matter jurisdiction over the action, that the claims raised by Arthur were barred by the statute of limitations, by the doctrine of laches, and by the doctrine of res judicata, and that the action failed to state a claim upon which relief could be granted. On May 8, 2017, the Montgomery Circuit Court entered the following order:
"Arthur filed a declaratory judgment action rooted in the premise that Alabama's death penalty statutes unconstitutionally delegate to the [Alabama Department of Corrections] unfettered discretion to determine lethal injection protocol in violation of the separation of *1278 powers provision of the Alabama Constitution.
"The Court believes that the action should have been filed as a Rule 32 [Ala. R. Crim. P.] petition and further concludes that such action would be precluded as time-barred and successive.
"Case dismissed."
Arthur filed his notice of appeal to the Supreme Court of Alabama the next day. On May 10, 2017, the Supreme Court transferred the appeal to the Alabama Court of Civil Appeals because it appeared from his notice of appeal that Arthur intended to appeal the case to the Court of Civil Appeals. The same day, the Court of Civil Appeals transferred the appeal back to the Supreme Court citing a lack of subject-matter jurisdiction. On May 16, 2017, the Supreme Court again transferred the appeal, this time to this court. In its order transferring the appeal to this court, the Supreme Court noted that the appeal appeared to be in the original appellate jurisdiction of the Court of Criminal Appeals because it appeared that "this proceeding in substance seeks relief from a sentence on constitutional grounds, from which the proper appellate jurisdiction lies in the Court of Criminal Appeals." In support of its holding, the Supreme Court cited its decision in Citizenship Trust v. Keddie-Hill, 68 So.3d 99 (Ala. 2011), and Rules 32.1 and 32.4, Ala. R. Crim. P.
The Supreme Court's determination that Arthur's declaratory-judgment action is in substance a Rule 32, Ala. R. Crim. P., petition for postconviction relief is now the law of the case. The "law of the case" doctrine, first cited by Justice Holmes over a century ago in Messenger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912), "merely expresses the practice of courts generally to refuse to reopen what has been decided." Id. at 444, 32 S.Ct. 739. In Ex parte Woodard, 883 So.2d 256, 258 (Ala. Crim. App. 2003), this Court recognized the following summation of the doctrine by the Florida Supreme Court:
" 'Generally, under the doctrine of the law of the case, "all questions of law which have been decided by the highest appellate court become the law of the case which must be followed in subsequent proceedings, both in the lower and appellate courts." Brunner Enters., Inc. v. Department of Revenue, 452 So.2d 550, 552 (Fla. 1984). However, the doctrine is not an absolute mandate, but rather a self-imposed restraint that courts abide by to promote finality and efficiency in the judicial process and prevent relitigation of the same issue in a case.' "
(Quoting State v. Owen, 696 So.2d 715, 720 (Fla. 1997).)
Because Arthur's action has been determined to be a petition for postconviction relief, Montgomery County is not the proper venue for his action. Rule 32.5, Ala. R. Crim. P., states:
"Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed with another court, it shall be transferred to the court where the conviction occurred."
Instead of dismissing Arthur's action, the Montgomery Circuit Court should have transferred it to the Jefferson Circuit Court, the court in which Arthur was convicted. See Barker v. State, 766 So.2d 988 (Ala. Crim. App. 2000).
This Court notes that on April 7, 2017, the Jefferson Circuit Court entered an order dismissing another Rule 32 petition for postconviction relief Arthur had filed with that court. Arthur appealed the dismissal of that petition for postconviction relief to this Court, and that appeal was *1279 docketed as case no. CR-16-0776. That appeal is currently pending before this Court. "The general rule is that jurisdiction of one case cannot be in two courts at the same time." Ex parte Hargett, 772 So.2d 481, 483 (Ala. Crim. App. 1999). Thus, this action must be held in abeyance until this Court issues its certificate of judgment in case no. CR-16-0776. See Barnes v. State, 621 So.2d 329 (Ala. Crim. App. 1992).
Accordingly, the judgment of the Montgomery Circuit Court is reversed. This matter is remanded to that court for it to vacate its judgment and transfer the case to the Jefferson Circuit Court pursuant to Rule 32.5. Once the matter is transferred to the Jefferson Circuit Court, that court should hold it in abeyance until this Court issues its certificate of judgment in case no. CR-16-0776.
REVERSED AND REMANDED.
Welch, Kellum, Burke, and Joiner, JJ., concur. Windom, P.J., recuses herself.