Angel VALENCIA, Petitioner—
Appellant,

v.

Steven CAMBRA, Warden,
Respondent—
Appellee.

No. 03–16763.

D.C. No. CV–97–00703–MCE/JFM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 12, 2004.

Decided Aug. 19, 2004.

---

4. *See Acewicz,* 984 F.2d at 1062.

Ann C. McClintock, Appointed Federal Public Defender, Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

* Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

Maureen A. Daly, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before PREGERSON, KOZINSKI, Circuit Judges, and RHOADES,* District Judge.

## MEMORANDUM**

Petitioner–Appellant Angel Valencia ("Valencia") was sentenced to life imprisonment without the possibility of parole for the murder of another inmate. Valencia now appeals the district court's order denying his 28 U.S.C. § 2254 habeas petition on the grounds that: (1) The district court erred in determining that the state trial court's denial of the state prosecutor's motion to dismiss was not a due process violation; and (2) The district court erred in determining that the state trial court did not violate Valencia's due process rights by ordering him shackled during the jury trial.

■ A criminal conviction may violate due process if it is obtained through perjured testimony that the prosecutor knows to be false or later discovers to be false and allows to go uncorrected. *See Napue v. People of the State of Illinois,* 360 U.S. 264, 269–270, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). But Valencia's claim fails because although there was some inconsistency between the officers' testimony, the prosecutor did not know if such testimony was in fact perjurious.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Turning to Valencia's shackling claim, in the absence of exceptional circumstances, a defendant in a criminal case has a right to be free from physical restraint and this right is an essential component of a fair and impartial trial. *See Illinois v. Allen,* 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Holbrook v. Flynn,* 475 U.S. 560, 568, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986). The district court erroneously believed that the shackling of criminal defendants during trial was not "clearly established" federal law as determined by the Supreme Court. Thus, it did not analyze whether the shackling of Valencia during the jury trial violated his due process rights. Nevertheless, this error was not fatal.

Valencia may have been less of a security risk than his co-defendant, but the trial judge was faced with two defendants on trial for first degree murder. Both Valencia and his co-defendant had been convicted of murder in the past, had a history of committing violent crimes, were serving life sentences in a high security prison, and were members of the Mexican Mafia. Because the stabbing occurred in prison, other inmates (some of whom were members of rival prison-gangs) would be called to testify during the trial.

In light of these facts, the trial judge had a reasonable concern for the safety of court personnel, the attorneys, the defendants, and the witnesses. *See Estelle v. Williams,* 425 U.S. 501, 505, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (noting that shackling is permitted when justified by an "essential state policy"); *Allen,* 397 U.S. at 343 (noting that shackling should be permitted to maintain "the appropriate courtroom atmosphere"). Before ordering the use of restraints, the state trial court heard testimony from the Department of Corrections, the prosecution, and the defense counsel. In deciding to use shackles, the trial judge took special precautions to conceal the defendants' restraints from the jury. Given the circumstances, Valencia's shackling did not violate his due process rights.

Accordingly, we AFFIRM the district court's decision denying Valencia's habeas petition.