**Daniel PINA, Petitioner—Appellant,**

v.

**Steven CAMBRA, Warden, Respondent— Appellee.**

No. 04–15430.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2006.

Decided March 20, 2006.

Mary Katherine McComb, Davis, CA, for Petitioner—Appellant.

Maureen A. Daly, Esq., Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent—Appellee.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM *

Petitioner–Appellant Daniel Pina appeals the district court's judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pina was convicted of first degree murder of his cell mate at Folsom State Prison in violation of California Penal Code § 187(a) and sentenced to life imprisonment without the possibility of parole. Of the eight claims in Pina's operative habeas petition, Pina seeks review of the district court's denial of three: 1) a due process claim arising out of alleged perjury by one of the prosecution's witnesses who testified at his trial, 2) a *Napue* due process claim arising out of knowing use of alleged perjury during trial, and 3) a due process claim arising out of admission of gang-related evidence. Pina also argues that the district court erred in determining that he failed to exhaust a federal due process claim arising out of allegedly improper shackling during trial.

█ At oral argument, Pina conceded that the disposition of his underlying shackling claim is controlled by this court's memorandum disposition in *Valencia v. Cambra,* 107 Fed. Appx. 781 (9th Cir. 2004), which governs his co-defendant's appeal. Pina is correct. The law of the case doctrine precludes us from reexamining issues that we have already decided in a memorandum disposition determining a co-defendant's appeal. *United States v.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Schaff,* 948 F.2d 501, 506 (9th Cir.1991) (holding that the law of the case doctrine applies when the challenged jury instruction has already been upheld in a memorandum disposition in the co-defendant's appeal). Therefore, we need not address the procedural issues related to Pina's shackling claim.

█ Pina argues that presentation of alleged perjury by Sergeant Powers, even without the State's knowledge, violated his due process rights and warranted a new trial. To support this claim, Pina argues that "even if the government unwittingly presents false evidence, a defendant is entitled to a new trial 'if there is a reasonable probability that [without the evidence] the result of the proceeding would have been different.'" *United States v. Young,* 17 F.3d 1201, 1204 (9th Cir.1994) (alteration in original) (quoting *United States v. Endicott,* 869 F.2d 452, 455 (9th Cir.1989)). This rule is not clearly established federal law as determined by the United States Supreme Court and therefore must fail. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 407–09, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Under well-established principles of due process, however, the prosecution cannot present evidence it knows is false and must correct any falsity of which it is aware. *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Although Pina's claim that the prosecution knew that Powers perjured himself is cognizable under 28 U.S.C. § 2254(d)(1), it ultimately fails because Pina has failed to establish that the prosecutor knew that Powers's testimony was false.

█ With respect to Pina's claim regarding the admission of gang-related evidence, the district court did not err in rejecting this claim. Even assuming that

the state trial court erred in admitting the evidence at issue, the presentation of the evidence did not "fatally infect" the trial so as to render the proceedings fundamentally unfair. *See Jammal v. Van de Kamp,* 926 F.2d 918, 919 (9th Cir.1991); *Pike v. Dickson,* 323 F.2d 856, 860 (9th Cir.1963); *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166 (1941). The jury was apprised of the factual context of this case outside of Brown's expert testimony about prison gangs. Indeed, the parties stipulated that Pina's co-defendant and the victim were affiliated with prison gangs and the prosecution, when cross-examining Pina's witnesses, elicited their gang affiliations. Furthermore, the trial court instructed the jury several times to limit its consideration of the gang-related evidence to their evaluation of the witnesses' credibility.

**AFFIRMED.**