RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0080p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

DEREK RENE EDMONDS,

  *Petitioner-Appellant*,

*v.*

AARON SMITH, Warden,

  *Respondent-Appellee*.

No. 17-5982

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:15-cv-00859—Charles R. Simpson, III, District Judge.

Argued:  March 20, 2019

Decided and Filed:  April 26, 2019

Before:  BATCHELDER, ROGERS, and THAPAR, Circuit Judges

_____

## COUNSEL

**ARGUED:**  Alex Potapov, JONES DAY, Washington, D.C., for Appellant.  Thomas A. Van De Rostyne, OFFICE OF THE ATTORNEY GENERAL OF KENTUCKY, Frankfort, Kentucky, for Appellee.  **ON BRIEF:**  Alex Potapov, JONES DAY, Washington, D.C., for Appellant. Thomas A. Van De Rostyne, OFFICE OF THE ATTORNEY GENERAL OF KENTUCKY, Frankfort, Kentucky, for Appellee.

_____

## OPINION

_____

ROGERS, Circuit Judge.  Derek Edmonds and Tyreese Hall were together tried and convicted in state court of brutally beating and sodomizing a homeless man to death.  After their

joint state appeals were rejected, Hall brought a federal habeas action under 28 U.S.C. § 2254 challenging his conviction. The district court rejected Hall's habeas petition on the merits, and this court affirmed. Then Edmonds brought a § 2254 collateral attack of his own, arguing that his conviction was similarly infected by constitutional error. Rather than assess all of Edmonds's claims on the merits, the district court held that the law-of-the-case doctrine precluded Edmonds from obtaining relief on four claims that it said were raised and rejected in Hall's collateral action. But the law-of-the-case doctrine applies only to later decisions in the same case, and different habeas actions brought by different petitioners are different cases.

In their joint state appeals and individual federal habeas actions, Hall and Edmonds raised, among others, four overlapping claims. Edmonds's versions of those claims are before us on this appeal. First, Edmonds argues, as Hall did previously, that he was deprived of a fair trial under the Due Process Clause because the trial court erroneously allowed prejudicial victim-impact testimony by Kaye Thomas, a victim advocate who testified about her emotional hospital visits to see the victim before he died. Second, Edmonds argues that he was denied his constitutional right to present a complete defense when the trial court instructed the jury not to consider exculpatory hearsay statements of a non-testifying eyewitness, Larry Milligan, who identified Hall as an attacker but not Edmonds. Hall, on the other hand, argued that he was prejudiced by the trial court's initial introduction of those statements, which were inculpatory as to him. Third, Edmonds argues that the trial court violated his constitutional right to an impartial jury by restricting voir dire in three ways: limiting each defendant to two minutes of questioning per prospective juror, curtailing certain lines of questioning about mitigation (including race-based mitigation), and prohibiting certain leading questions. Finally, Edmonds argues that the trial court further violated his right to an impartial jury by refusing to strike two potential jurors for cause. Hall raised versions of these last two claims in his own § 2254 action but did not appeal their denial to this court.

The defining feature of the law-of-the-case doctrine is that it applies only within the same case. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)); *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016); 18B C. Wright & A. Miller, *Federal Practice and Procedure* § 4478 (2d ed. Nov. 2018

update).   A post-conviction habeas action is not a subsequent stage of the underlying criminal proceedings; it is a separate civil case.  *See Pennsylvania v. Finley*, 481 U.S 551, 556–57 (1987). It follows that separate habeas actions brought by petitioners who were codefendants in the underlying criminal proceedings are separate also—from the criminal proceedings and from each other.   Thus, the law-of-the-case doctrine does not apply across separate habeas actions brought independently by petitioners who were codefendants in the underlying criminal proceedings.

While the doctrine is a judicially created one, and so potentially open to modification or extension, extending it here would unmoor the doctrine from its core purposes.  As the doctrine goes, "findings made at one stage in the litigation should not be reconsidered at subsequent stages of that same litigation."  *Burley*, 834 F.3d at 618.  The doctrine does not mark a limit on a court's authority—courts are free to revisit their own rulings before final judgment—but is instead a recognition that for cases to reach resolution, issues cannot be argued and reargued without end.  *See Messenger v. Anderson*, 225 U.S. 436, 444 (1912).  In other words, the doctrine aims to "maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit," not to govern the effects that final decisions have on other courts or cases.  *See* 18B Wright & Miller § 4478.  Other doctrines govern the effects that final decisions have on later courts and cases to ensure consistency and order—doctrines such as stare decisis, res judicata, and the mandate rule.  The law-of-the-case doctrine does not need to do that work too.

More importantly, applying the law-of-the-case doctrine across separate habeas cases would deprive the second petitioner of the opportunity to present his own arguments and would therefore implicate due process concerns.  Due process limits res judicata, for instance, to preclude parties from contesting only matters that they have had a full and fair opportunity to litigate.  *See Montana v. United States*, 440 U.S. 147, 153–54 (1979).  That means that one must generally have been a party to a litigation to be bound by its judgment.  As the Supreme Court explained in *Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008),

> [a] person who was not a party to a suit generally has not had a "full and fair opportunity to litigate" the claims and issues settled in that suit.  The application of claim and issue preclusion to nonparties thus runs up against the "deep-rooted

historic tradition that everyone should have his own day in court." *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996).

Nothing about the law-of-the-case doctrine suggests that it can apply across cases to bind new parties, when generally not even res judicata—the doctrine actually charged to determine the preclusive effects of judgments—can do that.

The Fifth Circuit has similarly ruled that the law-of-the-case doctrine does not apply between separate § 2255 motions by federal defendants who were tried together. *See United States v. Lawrence*, 179 F.3d 343, 351 (5th Cir. 1999).[1] As the *Lawrence* court put it:

> The conviction and its appeal constituted a discrete case. The subsequent post-conviction motions are distinct both from the initial proceeding, which became final with our affirmance of the convictions, and from each other. Thus, there is no law of the case that binds the instant motion to vacate, and the doctrine did not require the district court to reach the same result in considering the respective motions filed by Lawrence and Tolliver in separate proceedings.

*Id.* Although this court has not addressed this issue, in certain circumstances we have held that the law-of-the-case doctrine does not apply even to a second post-conviction action by the same petitioner. *See Patterson v. Haskins*, 470 F.3d 645, 660–61 (6th Cir. 2006). In *Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003) (en banc), we also suggested as much in dicta. If the doctrine does not apply across post-conviction actions by the same petitioner, it follows that it should not apply across actions by different petitioners.

In response to all of this, the State merely insists that because a codefendant's appeal can create law of the case for an ongoing criminal case, a once-codefendant's habeas action must do the same. The district court similarly extrapolated from the doctrine's application to a codefendant's appeal. But resolution of a codefendant's appeal in an ongoing case satisfies the core "same case" requirement of the doctrine, whereas resolution of a separate habeas action does not. That the doctrine applies to codefendants in the same case therefore says nothing about its application across separate cases.

---

[1]In a non-precedential memorandum opinion, the Ninth Circuit held that a § 2254 petitioner's claim was bound by the law of the case established in an earlier petition by his codefendant. *See Pina v. Cambra*, 171 F. App'x 674, 675 (9th Cir. 2006). But there, the petitioner conceded (wrongly) that his case was controlled by the law of the case established by his codefendant's habeas action. *See id.* The court agreed with that concession without citing a single case applying the doctrine in a similar habeas setting. Thus, *Pina* is not at all persuasive.

Thus, the district court erred in denying four of Edmonds's claims on law-of-the-case grounds.  That does not mean that Edmonds's claims are necessarily winners, but rather that they must be assessed on their merits.  This court is not, however, in a position to make that assessment on the current record, which does not include the record from the underlying criminal proceedings.  We therefore reverse the district court's decision on the four claims that are before us and remand for the district court to obtain the entire state court record and assess those claims on the merits.

The parties agreed at oral argument that, if there is a remand, Edmonds's voir dire and for-cause-strikes claims should be analyzed under AEDPA's deferential review, 28 U.S.C. § 2254(d), and his claim about the exclusion of Milligan's testimony should be analyzed de novo.  The parties do not agree which standard of review applies to Edmonds's victim-impact-testimony claim, so we leave that for the district court to determine in the first instance with the benefit of the full record and adequate briefing.

The judgment of the district court is reversed and remanded for proceedings consistent with this opinion.