NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0434n.06

Case No. 21-1826

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Oct 26, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SINGH MANAGEMENT COMPANY, LLC; SINGH HOMES, LLC; SINGH DEVELOPMENT, LLC; SINGH CONSTRUCTION II, LLC, | ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | |
| SINGH MICHIGAN HOMES, LLC; SINGH MICHIGAN DEVELOPMENT COMPANY, INC.; SINGH MICHIGAN BUILDING COMPANY, INC.; SINGH MICHIGAN CONSTRUCTION, LLC; DARSHAN SINGH GREWAL, | ) ) ) ) ) ) ) | OPINION |
| Defendants-Appellants. | ) | |

Before: McKEAGUE, THAPAR, and READLER, Circuit Judges.

THAPAR, Circuit Judge. This long-running dispute concerns the name of a family business. One member of the family, Darshan Singh Grewal,[1] attempted to use the family business's name for his own companies, but the district court entered a preliminary injunction stopping him. He appeals, arguing the preliminary injunction unlawfully vacated a previous arbitration award. It did not. So we affirm.

---

[1] We refer to Darshan and his companies collectively as "Darshan."

Case No. 21-1826, *Singh Mgmt. Co., et al., v. Singh Mich. Homes, LLC, et al.*

I.

For almost fifty years, the Grewal family has successfully managed various real estate companies. Each of those companies bears the name "Singh" since all of the Grewal men have "Singh" in their name. The companies obtained a trademark on their name.

The trouble began when two members of the family, including Darshan, were dismissed from the business and formed new companies that also used the Singh name. One of the original Singh companies sued, alleging that the new companies infringed the Singh trademark. The feuding family submitted its dispute to arbitration, and the original company won. The arbitrator's final award prohibited the new companies "from using the name 'Singh' alone as the only identifying proper noun used to describe their business." *Singh Mgmt. Co. v. Singh Dev. Co.*, 774 F. App'x 921, 923 (6th Cir. 2019) (emphasis omitted). Eventually, the district court confirmed the arbitrator's award verbatim and entered a permanent injunction. *Singh Mgmt. Co. v. Singh Bldg. Co.*, No. 15-CV-11478, 2020 WL 6817089, at *7 (E.D. Mich. Nov. 20, 2020). But that didn't end the matter.

Darshan rebranded. He appended "Michigan" to his companies' names. So the original Singh companies—also based in Michigan—filed a new suit asking the district court to hold Darshan in contempt and modify the earlier permanent injunction to prohibit him from merely adding "Michigan" to his companies' names. Before the district court resolved those claims, it preliminarily enjoined Darshan from "any use of, or Promotion with the term 'Singh'," including "the 'Singh Michigan' names." R. 30, Pg. ID 371–72. Darshan appeals the preliminary injunction.

II.

We review the court's decision to grant the preliminary injunction for abuse of discretion and its legal determinations de novo. *Arizona v. Biden*, 40 F.4th 375, 381 (6th Cir. 2022).

Darshan argues the preliminary injunction vacated the earlier arbitration award. It didn't. Courts use preliminary injunctions as temporary devices to maintain the status quo while they adjudicate disputes. *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016). Here, the district court entered the preliminary injunction while it considered how the arbitration award applied to Darshan's new act of alleged infringement. The alleged infringement claims might be meritless, or they might eventually cause the district court to hold Darshan in contempt or modify the arbitrator's award. But the district court won't decide those issues until later. Once it does, we can evaluate how any new relief relates to the original permanent injunction and arbitration award. *See, e.g.*, *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 763 F.3d 524, 543–46 (6th Cir. 2014) (considering the relationship between a permanent injunction and a later contempt finding). That's the usual order for an appeal like this.

But Darshan asks us to reverse the district court's preliminary injunction now, arguing it implicitly vacated the arbitration award. The problem with his argument is that it gets to the merits of the contempt claim, which the district court expressly reserved ruling on. When it reaches the merits, the district court will carefully consider Darshan's argument that his conduct conforms with the injunction. But for now, the district court found that the original Singh companies have a likelihood of success on the merits. Under our deferential standard of review, that determination does not warrant reversal. *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004).

Further, the implicit vacatur authorities Darshan cites do not support him. First, he offers a Supreme Court case about statutes of limitations. *See United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 61 (1981) (analyzing whether a federal suit resembled an action to modify or vacate an arbitration award). That case does not show that the district court implicitly vacated the arbitration award. Second, he cites our earlier opinion about this naming dispute. *See Singh Mgmt. Co.*, 774 F. App'x at 927–28. There, we held that "implicit vacatur" of the arbitrator's award would be reversible error. *Id.* at 928. But the procedural posture of that appeal differed from this one: The district court granted a motion to confirm the arbitration award, but its order did not match the award. *Id.* at 927. So implicit vacatur can occur when a district court rules on a motion to confirm, modify, or vacate an arbitration award, but the district court has not yet ruled on the motion to modify the award. Therefore, no implicit vacatur occurred here.

The rest of Darshan's arguments also fail. He contends that the arbitration confirmation action already resolved all the issues and claims in this suit, so claim and issue preclusion should apply. Claim and issue preclusion apply to claims and arguments that were resolved before. *See Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 681 F.3d 819, 824 (6th Cir. 2012). But the claims and arguments against Darshan are new. Because he did not use "Singh Michigan" until after the district court confirmed the arbitration award, that court could not have determined whether the arbitration award permitted him to use that name. So claim and issue preclusion do not apply.

Similarly, Darshan argues that law of the case precludes us from reconsidering issues decided in the previous action. But "[t]he defining feature of the law-of-the-case doctrine is that it applies only within the same case." *Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019). This

is a separate suit, arising out of Darshan's actions after the arbitration award was confirmed. So law of the case does not apply here either.

We affirm.