# Supreme Court of Texas

No. 22-0459

Sealy Emergency Room, L.L.C. and Kannappan Krishnaswamy, M.D.

*Petitioners*,

v.

Free Standing Emergency Room Managers of America, L.L.C., Dr. Atul Dhingra, Dr. Swapan Dubey, and Dr. Sanjeev Dubey,

*Respondents*

On Petition for Review from the
Court of Appeals for the First District of Texas

**Argued October 24, 2023**

JUSTICE BUSBY delivered the opinion of the Court.

This case presents two questions regarding when a judgment becomes final and appealable. First, does severing claims disposed of on partial summary judgment into a new action render the judgment final even though other claims between the parties remain pending in the original action? We answer yes. When claims are severed into separate actions, the two-part *Lehmann* test for finality applies to each action separately. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex.

2001).  Thus, any claims that remain pending in the original action are not relevant in deciding whether there is a final judgment in the severed action.  And although severance is improper if the claims are interwoven, any procedural error in ordering severance—which carries its own consequences—does not affect judgment finality or appellate jurisdiction.

Second, when a party seeks attorney's fees as a remedy for a claim under a prevailing-party standard, does a summary judgment against the party on that claim also dispose of its fee request?  We answer yes.  The court's failure to recite that it is also denying the fee request will not prevent finality if the court's orders in fact dispose of all parties and claims.

Applying these rules, the trial court's order granting partial summary judgment disposed of all parties and claims that were later severed into a new action.  Accordingly, the severed action became final when the severance order was signed, and the losing party timely appealed.  Because the court of appeals erred in holding that it lacked appellate jurisdiction, we reverse and remand for that court to address the merits of the appeal.

## BACKGROUND

Dr. Krishnaswamy built Sealy Emergency Room and contracted with Free Standing Emergency Room Managers of America (FERMA) to manage it.  When a dispute arose, FERMA sued Dr. Krishnaswamy and Sealy Emergency Room (collectively Sealy ER) for breach of contract as well as a declaratory judgment that the contract was valid and enforceable, and it requested attorney's fees on both claims.  Sealy ER

2

brought counterclaims against FERMA for breach of contract, fraud, fraudulent inducement, and negligence. Sealy ER also brought third-party claims against three of FERMA's individual doctors for fraud, fraudulent inducement, and negligence. Sealy ER requested attorney's fees in its petitions without specifying the basis on which it claimed entitlement to fees.

FERMA and its doctors (collectively FERMA) filed a traditional motion for partial summary judgment on Sealy ER's counterclaims and third-party claims. FERMA's motion did not mention Sealy ER's request for attorney's fees. The trial court granted FERMA's motion and dismissed all of Sealy ER's claims "in their entirety with prejudice."

FERMA then moved to sever the claims disposed of on partial summary judgment, and Sealy ER moved for reconsideration of the summary judgment. The trial court held a hearing at which Sealy ER's counsel made two additional points relevant here. First, counsel expressed concern that the partial summary judgment would "preclude[] [Sealy ER] from putting evidence on of [its] affirmative defenses" to FERMA's claim for breach of contract, which Sealy ER characterized as "identical" to its breach-of-contract counterclaim. Second, although Sealy ER's counsel agreed with FERMA's proposal to sever, he requested that the underlying case be abated pending the severed action's outcome on appeal because "it just doesn't make sense [to] . . . have two cases, two trials . . . on the same facts."

Responding to the first point, FERMA's counsel said that "under no procedural paradigm do affirmative defenses of [Sealy ER] come into play" in FERMA's "mo[tion] for summary judgment on the

3

counterclaims." The trial court then addressed Sealy ER's concern, referencing this "admission" by FERMA and stating that Sealy ER's "affirmative defenses that are on file . . . are not part of the summary judgment order." The court also granted FERMA's motion to sever Sealy ER's counterclaims and third-party claims into a new action with a separate cause number. The order granting severance—like the order granting partial summary judgment—contains no finality language and makes no mention of Sealy ER's request for attorney's fees.

Sealy ER appealed the summary judgment in the severed action to the First Court of Appeals, where FERMA argued there was no final appealable order after all because claims between it and Sealy ER arising out of the same operative facts were still pending in the trial court. The court of appeals agreed and dismissed Sealy ER's appeal for lack of appellate jurisdiction. 669 S.W.3d 488, 493-94 (Tex. App.—Houston [1st Dist.] 2022).

The court of appeals followed its prior decisions holding that "[s]everance does not make an interlocutory judgment final and appealable if the judgment disposes of only a subset of the claims among the severed parties." *Id.* at 493. Thus, when a party like Sealy ER "appeals from a partial summary judgment that disposes of some but not all claims between the parties, we must dismiss the appeal for lack of jurisdiction, even if the trial court severed the disposed-of claims from those that remain pending." *Id.* Sealy ER then filed a petition for review in this Court, which we granted.

4

### I. Orders in a severed action result in a final judgment if the *Lehmann* test is met as to that action alone.

There are two paths for an order to become a final judgment without a trial: the order can (1) dispose of all remaining parties and claims then before the court, regardless of its language; or (2) include unequivocal finality language that expressly disposes of all claims and parties. *Lehmann*, 39 S.W.3d at 200.[1] We have also recognized that, "[a]s a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001).[2] This case requires us to decide how these rules intersect.

### A. The lack of finality in an original action does not affect the finality of orders in a severed action.

We focus on the first *Lehmann* path because the order at issue here contains no finality language. Under this path, an order need not be labeled a final judgment. Rather, an order constitutes a final judgment—and the time to appeal begins to run—when that order

---

[1] When a party wants to ensure finality, the best practice is to follow the second path and ask the trial court to include express finality language in its order. *See In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (noting that "[t]alismanic phrases are not required or dispositive" but repeating our guidance in *Lehmann* that a "statement like, 'This judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention" (quoting *Lehmann*, 39 S.W.3d at 206)).

[2] Of course, severance is not always sought for purposes of finality. For example, severance is sometimes sought to avoid undue prejudice caused by trying two pending claims together. *See, e.g.*, *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996).

disposes of the last claim among the parties to the action. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283-84 (Tex. 2018) ("If a judgment disposes of every remaining issue in a case, it does not lack finality for purposes of appeal merely because it recites that it is partial, refers to only some of the parties or claims, or lacks Mother Hubbard language.").[3]

Sealy ER argues that orders severed into a separate action become final and appealable upon severance if those orders dispose of all claims between the parties in the severed action. FERMA disagrees, contending that orders severed into a separate action between certain parties result in a final judgment only if all claims between those parties have been disposed of in *both* the severed and the original actions. The court of appeals agreed with FERMA, relying on a line of First Court of Appeals cases holding that a severed action is not final on appeal if pending claims remain in the underlying action.[4] Under our precedent, however, we conclude that Sealy ER is correct.

---

[3] *See also Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007) ("We have never held that an order disposing of all claims can be final only if it itemizes each and every element of damages pleaded.").

[4] *See Blomstrom v. Altered Images Hair Studio*, No. 01-19-00456-CV, 2020 WL 6065437 (Tex. App.—Houston [1st Dist.] Oct. 15, 2020, no pet.); *Van Duren v. Chife*, 569 S.W.3d 176 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Davati v. McElya*, 530 S.W.3d 265 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Duke v. Am. W. Steel*, 526 S.W.3d 814 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Alaniz v. O'Quinn L. Firm*, No. 01-14-00027-CV, 2015 WL 6755614 (Tex. App.—Houston [1st Dist.] Nov. 5, 2015, no pet.); *Gonzales v. Terrell*, No. 01-14-00711-CV, 2015 WL 1735370 (Tex. App.—Houston [1st Dist.] Apr. 14, 2015, no pet.); *Cryogenic Vessel Alts., Inc. v. Lily & Yvette Constr., LLC*, No. 01-13-00737-CV, 2015 WL 222135 (Tex. App.—Houston [1st Dist.] Jan. 15, 2015, no pet.). For the reasons explained below, we disapprove the holdings of these cases regarding finality.

In the same year we decided *Lehmann*, we held that a summary judgment order became final when the claims it addressed were severed into a separate action "because [the judgment] disposed of all parties and issues *in that cause.*" *Harris County Flood Control Dist. v. Adam*, 66 S.W.3d 265, 266 (Tex. 2001) (per curiam) (emphasis added). In *Adam*, the trial court granted summary judgment for only two of three defendants. The court then severed the claims against those defendants from the original action, "thereby making the judgment final in the severed case." *Id.* The remaining defendant in the original action filed pleas to the jurisdiction, arguing that the severance order was a final judgment in the original action. The trial court disagreed and overruled the pleas. The court of appeals affirmed and held the severance order rendered only the severed action final, not the original action.

We agreed with the court of appeals that the severance order could only bring finality to the severed action, not the original action. Taking the first *Lehmann* path to finality, we explained that "the judgment in the severed cause was final because it disposed of all parties and issues in that cause." *Id.* We also observed that "the obvious purpose of the [severance] order was to sever claims that had been adjudicated into a separate cause, not to adjudicate the claims remaining in the original cause." *Id.*

Similarly, the lack of orders disposing of all claims and parties in an original action does not undermine the finality of orders disposing of all claims and parties in a severed one. The severance prevents such an effect by "divid[ing] the lawsuit into two or more separate and

7

*independent* causes." *Hall v. City of Austin*, 450 S.W.2d 836, 838 (Tex. 1970) (emphasis added).

*Adam* is not alone in reaching this conclusion. In *Hall*, we explained that when a severance order is signed, "a judgment which disposes of all parties and issues in one of the severed causes is final and appealable." *Id.* at 837-38. And in *Farmer v. Ben E. Keith Co.*, we confirmed that "[w]hen a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, . . . the appellate timetable runs from the signing of [the severance] order disposing of those claims or parties." 907 S.W.2d 495, 496 (Tex. 1995) (citing *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994)).[5]

Because the severed action here consists only of claims that have been fully and finally resolved on summary judgment, it must be considered final under *Lehmann* and *Adam*. Whether the parties have other claims pending in the original action has no bearing on the severed action's finality.

---

[5] *See also Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743 n.4 (Tex. 2020) (observing that trial court "granted a motion for partial summary judgment, but it severed all remaining claims, counterclaims, and defenses into a separate case, making this judgment final"); *Pierce v. Reynolds*, 329 S.W.2d 76, 77 (Tex. 1959) ("[A] judgment which effectively disposes of a severed and severable phase of the case is final for the purposes of an appeal.").

**B. Whether a severance is procedurally improper does not affect finality or appellate jurisdiction.**

One rationale offered for FERMA's position—that the finality inquiry includes all claims between the parties in both the original and severed actions—is that it helps guard against improper severances for the purpose of obtaining early appellate review. But this position would upend our long-standing finality jurisprudence, and it is not needed to guard against improper severances—which come with their own costs that may lead parties to prefer a permissive appeal.

Rule 41 authorizes trial courts to sever "[a]ny claim against a party." TEX. R. CIV. P. 41. Our cases have recognized three principles to guide trial courts' discretion in ruling on motions to sever—whether they are contested or agreed. A severance is proper when "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of an independently asserted lawsuit, and (3) the severed claim is not so interwoven with the remaining action that the actions involve the same facts and issues." *State v. Morello*, 547 S.W.3d 881, 889 (Tex. 2018); *see Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). Within these parameters, a trial court may grant a severance to avoid prejudice, do justice, and increase convenience. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007). When a severance order is challenged, an appellate court reviews it for abuse of discretion. *See id.*

In light of these principles, we have concluded that "severance of a single cause of action into two parts is never proper." *Pierce v. Reynolds*, 329 S.W.2d 76, 79 n.1 (Tex. 1959); *see* TEX. R. CIV. P. 41

9

(authorizing severance of a "claim"). We have also observed that severance "should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case." *Pierce*, 329 S.W.2d at 79 n.1. Similarly, severance of two or more causes of action involving the same facts and issues is improper. *See Morello*, 547 S.W.3d at 889; *F.F.P. Operating Partners*, 237 S.W.3d at 693 (holding severance was abuse of discretion because "F.F.P.'s claim against Ruiz is 'interwoven with the remaining action': it involves the same facts and issues to be litigated in the Duenezes' action against F.F.P.").[6] Both parties appear to agree that this is what happened here.[7]

Nevertheless, over fifty years ago we held that "the appealability of a judgment should [not] be made to turn upon whether the action is severable." *Pierce*, 329 S.W.2d at 78. An erroneous "order of severance . . . effectively separates the controversy into two causes," and "[a] judgment which fully adjudicates one of the severed causes is appealable even though the entire controversy as it existed prior to the severance is not determined thereby." *Id.* at 78-79. Of course, an

---

[6] *See also State Dep't of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993) ("The facts and issues related to liability for the accident are the same for Stephen as for Cherie, and to some extent Stephen's damage allegations are related to the extent of damages Cherie suffered. For this additional reason the trial court erred in severing Stephen's claims.").

[7] As discussed in the background section above, both Sealy ER and FERMA have acknowledged at some point that the claims in the severed and underlying actions are identical and arise out of the same operative facts. The court of appeals also recognized as much. *See* 669 S.W.3d at 492 ("FERMA still has affirmative claims, arising out of the same operative facts, against Sealy ER . . . .").

erroneous severance can be challenged on appeal if it was not agreed. And an erroneous severance can have consequences for any preclusion defenses. *Id.* at 78; *see, e.g.*, *Street v. Second Ct. of Appeals*, 756 S.W.2d 299, 301 (Tex. 1988) (noting differences between finality for purposes of jurisdiction and preclusion). As a result, parties should consider carefully whether a severance is proper before requesting or agreeing to one.

For example, "the res judicata effects of an action cannot preclude litigation of claims that a trial court explicitly separates or severs from that action." *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985). And the rule against claim-splitting, which is a "branch of the broader doctrine of res adjudicata" or claim preclusion, "is for the benefit of and may be waived by the defendant." *Pierce*, 329 S.W.2d at 78. Issue preclusion may also be waived by representations made to secure a severance or foreclosed by the language of the severance order. *See, e.g.*, *Currier v. Virginia*, 138 S. Ct. 2144, 2154 (2018) (plurality opinion of Gorsuch, J.) (noting civil issue preclusion "doesn't often have much to say about the preclusive effects of rulings 'within the framework of a continuing action'" or "when the parties agree[]" to hold a second proceeding "covering much the same terrain at a later stage" (quoting 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4434 (3d ed. updated 2023))).[8]

---

[8] *See also* 18A WRIGHT & MILLER, *supra*, § 4424.1 ("A court that foresees future litigation may seek to limit directly the possible preclusion consequences of its own judgment. . . . A court that knows of parallel

11

Although none of these concerns and consequences raise a jurisdictional infirmity, there is another possible avenue of appellate review that avoids them. The trial court may permit an appeal from an interlocutory order when the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and the appeal "may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE § 51.014(d). In cases where severance would be procedurally improper, courts should encourage parties to use the permissive appeal option provided by the Legislature.

## II. When a party seeks attorney's fees as a remedy for a claim under a prevailing-party standard, a summary judgment against the party on that claim also disposes of the fee request.

FERMA also argues that even if the *Lehmann* analysis focuses only on the severed action, this summary judgment is not final because it did not expressly dispose of Sealy ER's request for attorney's fees. Parsing the words of the trial court's order, FERMA questions whether dismissing all of Sealy ER's claims "in their entirety with prejudice" also dismissed its request for attorney's fees. We reject FERMA's argument because it prioritizes the technical recitation of unnecessary language over clarity in determining the time for perfecting an appeal.

---

proceedings, for example, may believe that the circumstances of its own proceedings should not support nonmutual issue preclusion. Other courts should respect any explicit statement to that effect . . . ."); *cf. Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019) ("The defining feature of the law-of-the-case doctrine is that it applies only within the same case. . . . [T]he law-of-the-case doctrine does not apply across separate habeas actions brought independently by petitioners who were codefendants in the underlying criminal proceedings.").

"Appellate procedure should not be tricky. It should be simple, it should be certain, it should make sense, and it should facilitate consideration of the parties' arguments on the merits." *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000) (Hecht, J., concurring). "Simplicity and certainty in appellate procedure are nowhere more important than in determining the time for perfecting appeal." *Lehmann*, 39 S.W.3d at 205. These principles support a simple, bright-line rule in this situation: a party who loses a claim on summary judgment necessarily loses its request for prevailing-party attorney's fees as well. We reject FERMA's position that trial courts must expressly dispose of such a request to achieve finality even though no possible avenue for recovering fees remains.

We begin with the American Rule, which provides that "attorney's fees are not awarded unless a statute or contract authorizes them." *JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 491 (Tex. 2019).[9] Some statutes and contracts provide for fees as one available remedy if a party prevails on a claim. *See id.* In such cases, we have held that a party who receives no affirmative judicial relief from the trial court cannot recover attorney's fees. *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 655 (Tex. 2009). Indeed, a favorable judgment by the trial court is "critical to the prevailing-party determination." *Id.* at 656 (emphasizing that favorable judgment,

---

[9] Fees can also be awarded in certain limited circumstances (not at issue here) when they are recoverable as actual damages. *See, e.g.*, *RAS Grp., Inc., v. Rent-A-Center E., Inc.*, 335 S.W.3d 630, 641 (Tex. App.—Dallas 2010, no pet.).

13

consent decree, or settlement—rather than favorable verdict—is key element in recovering attorney's fees).

We observed in *KB Home* that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 654 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). Thus, KB Home could not recover any attorney's fees as a prevailing party because it received no affirmative judicial relief for the opposing party's breach of contract—the trial court awarded KB Home the amount of damages as found by the jury, which was "[t]he sum of zero dollars." *Id.*; *see also Huff v. Fid. Union Life Ins. Co.*, 312 S.W.2d 493, 501 (Tex. 1958) ("That a suit for the statutory attorney's fees as a separate action could not be maintained is evident from the wording of the statute. . . . [A]ttorney's fees, while not costs, partake of the nature of the costs of suit and are assessed in accordance with the judgment.").

Under these authorities, a summary judgment against a party's claim necessarily dooms its request for a prevailing-party fee remedy on that claim. It follows that a court need not expressly reject the fee request to make its judgment final. Once a trial court has rendered summary judgment against a claim, denying a request for a fee remedy that is only available under a prevailing-party standard is merely a ministerial act, so the lack of an express denial will not prevent finality. *See Bertucci v. Watkins*, No. 03-20-00058-CV, 2022 WL 3328986, at *5 (Tex. App.—Austin Aug. 12, 2022, order) (en banc) (holding stipulated resolution of attorney's fees makes trial court's rendition of judgment on

14

attorney's fees "ministerial or perfunctory"), *disp. on merits*, 2022 WL 17998480 (Tex. App.—Austin Dec. 30, 2022, pet. filed).

Moreover, accepting FERMA's position would put parties to the expense, delay, and uncertainty of litigating whether various shades and phases of order language that falls short of *Lehmann*'s unequivocal finality standard are nevertheless sufficient to dispose of a fee request. It would also leave losing parties trapped and unable to appeal an otherwise final decision on the merits just because the judge did not expressly deny a remedy that could not be recovered anyway. We decline to force these consequences on parties.

A different rule applies, however, when a party has proven that an award of attorney's fees is mandatory or when a party requests a discretionary award of attorney's fees under a statute or contract that does not require it to prevail. In either situation, the trial court must expressly dispose of the fee request to render a final judgment. But neither situation exists here.

For example, an award of attorney's fees is mandatory when a statute provides that a party who prevails on its claim or meets other specified requirements "may recover," "shall be awarded," or "is entitled to" fees. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); *see Welch v. Hrabar*, 110 S.W.3d 601, 610 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (holding fee award mandatory on prevailing party's claim for breach of contract). Thus, when a party seeking fees in connection with

its claim meets the requirements of a mandatory fee-shifting statute, a trial court must expressly dispose of the fee request to achieve finality.[10]

Courts must also expressly dispose of requests for attorney's fees under discretionary fee-shifting statutes that do not require the requesting party to prevail. The Declaratory Judgments Act, for instance, provides that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009. This language grants the trial court discretion in awarding attorney's fees. *Bocquet*, 972 S.W.2d at 20; *see Barshop v. Medina County Underground Water Conserv. Dist.*, 925 S.W.2d 618, 637 (Tex. 1996) (holding fee award "is not dependent on a finding that a party 'substantially prevailed'"). Thus, we held in *McNally v. Guevara* that a judgment granting a party declaratory relief "was not an appealable judgment" because it "does not appear final on its face" and "did not dispose of the [party's request] for attorney fees," which remained in the trial court's discretion to award. 52 S.W.3d 195, 196 (Tex. 2001) (per curiam). And in another declaratory judgment case where both parties requested attorney's fees, we held that a summary judgment order granting declaratory relief with a Mother Hubbard clause did not dispose of the fee requests, so we affirmed dismissal of the

---

[10] On the other hand, given the American Rule, it is equally mandatory that parties *not* receive attorney's fees unless they meet the requirements of the fee-shifting statute. Thus, as explained above, a party who loses a claim on summary judgment necessarily loses its request for statutory prevailing-party attorney's fees, and the court need not expressly dispose of that fee request to achieve finality.

appeal for want of jurisdiction. *Farm Bureau County Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (per curiam).

In this case, however, Sealy ER did not prevail on a claim for which it sought mandatory fees. It also did not request an award of discretionary fees, so *McNally* and *Farm Bureau* do not apply.

Specifically, Sealy ER asserted counterclaims and third-party claims for breach of contract, fraud, fraudulent inducement, and negligence. The trial court's partial summary judgment rejected Sealy ER's counterclaim for breach of contract, and the parties agree this left no other avenue for Sealy ER to recover attorney's fees. Because Sealy ER never received a judgment granting it affirmative monetary relief on its counterclaim for breach of contract, it is not a prevailing party and cannot recover any attorney's fees. Thus, the trial court's summary judgment against Sealy ER's claim also disposed of its request for attorney's fees. The orders in the severed action therefore disposed of all parties and claims, allowing Sealy ER to appeal from a final judgment.

## CONCLUSION

For these reasons, the court of appeals' judgment dismissing the appeal for lack of jurisdiction is reversed, and the case is remanded to the court of appeals for further proceedings on the merits of the appeal.

J. Brett Busby
Justice

**OPINION DELIVERED:** February 23, 2024

17